OSAI ET AL., APPELLEES, *v.* A & D FURNITURE CO. ET AL.;
GIBSON APPLIANCE CORP., APPELLANT.

(No. 80-1632—Decided December 9, 1981.)

Carl J. Character Co., L.P.A., and Mr. Donald C. Williams, for appellees.

Messrs. Squire, Sanders & Dempsey and Mr. James M. Porter, for appellant.

Per Curiam. Appellant's first proposition of law challenges the Court of Appeals' assessment of treble damages within amended R. C. 1345.09, because the treble-damages provision of the statute was not in effect when the alleged violation occurred. The effective date of amended R. C. 1345.09(B), which includes the treble-damages clause, was April 11, 1978.

The events involving the basis for appellees' complaint occurred in late 1977 and the initial complaint was filed in March, 1978, prior to the enactment of amended R. C. 1345.09(B). Consequently, the Court of Appeals erred in imposing treble damages pursuant to amended R. C. 1345.09(B) because the statutory penalty could not be retroactively applied in this cause.

The enactment of retroactive laws by a General Assembly is prohibited by Section 28, Article II of the Ohio Constitution. See Perk v. Euclid (1969), 17 Ohio St. 2d 4. Moreover, the treble-damages provision affects a substantive right. Therefore, its application to the facts of this case would violate due process. Furthermore, application of the treble-damages provision would disregard the basic statutory requirements

that a statute be given only prospective application unless the General Assembly expressly directs to the contrary (R. C. 1.48), and that an amendment does not affect any liability or penalty already incurred or remedy to be enforced thereunder (R. C. 1.58).

Appellant's second and third propositions of law involve issues concerning the proper construction of the treble-damages provision of R. C. 1345.09(B) as amended. At any rate, it is not necessary to delineate these issues, as the improper retroactive application of amended R. C. 1345.09(B) is determinative of this appeal.

Finally, appellees did not file a cross-appeal to reinstate the trial court's punitive-damages award. In *F. Enterprises* v. *Kentucky Fried Chicken Corp.* (1976), 47 Ohio St. 2d 154, the fifth paragraph of the syllabus reads: "The Supreme Court is without authority to grant affirmative relief to an appellee by modification of the judgment of the Court of Appeals where no cross-appeal has been taken by appellee by the filing of a notice of appeal in the Court of Appeals."

For the foregoing reasons, the judgment of the Court of Appeals is reversed.

*Judgment reversed.*

CELEBREZZE, C. J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and REILLY, JJ., concur.

REILLY, J., of the Tenth Appellate District, sitting for KRUPANSKY, J.