32

FRENCH, ADMRX., APPELLANT, *v.* DWIGGINS, APPELLEE.

[Cite as French *v.* Dwiggins (1984), 9 Ohio St. 3d 32.]

(No. 82-1815—Decided January 11, 1984.)

*Messrs. Pees & Behal, Mr. Arnold E. Shaheen, Jr.,* and *Mr. Randall W. Pees,* for appellant.

*Messrs. Reese, Paugh, McNenny, Pyle & Drake, Mr. James H. McNenny* and *Mr. Russell A. Steiner,* for appellee.

*Messrs. Keating, Ritchie & Lyon* and *Mr. Michael F. Lyon,* urging reversal for *amicus curiae,* Ohio Academy of Trial Lawyers.

*Messrs. Porter, Wright, Morris & Arthur* and *Mr. Terrance M. Miller,* urging affirmance for *amicus curiae,* Ohio Association of Civil Trial Attorneys.

CELEBREZZE, C.J.

I

The critical issue raised by this appeal is whether R.C. 2125.02, as amended effective February 5, 1982, will be applied to all actions tried subsequent to the effective date of the amendment. For the reasons to follow, we hold that R.C. 2125.02, as amended, is to be applied to all wrongful death actions tried on or after February 5, 1982.

In *Kilbreath* v. *Rudy* (1968), 16 Ohio St. 2d 70 [45 O.O.2d 370], we held as follows:

"1. Section 28, Article II of the Ohio Constitution prohibiting the passage of retroactive laws, has application to laws affecting substantive rights, and has no reference to laws of a remedial nature providing rules of practice, courses of procedure or methods of review. * * *"

"2. Laws of a remedial nature providing rules of practice, courses of procedure, or methods of review are applicable to any proceedings conducted after the adoption of such laws. * * *"[1]

See, also, *Denicola* v. *Providence Hospital* (1979), 57 Ohio St. 2d 115 [11 O.O.3d 290], paragraph one of the syllabus.

Thus, should the amended version of R.C. 2125.02 be deemed remedial in nature, the proscription against retroactive laws under Section 28, Article II of the Ohio Constitution will not prevent its application to appellant's action. The remedial-procedural versus substantive dichotomy is seldom an easy

---

[1] Section 28, Article II of the Ohio Constitution provides in part:
"The general assembly shall have no power to pass retroactive laws. * * *"

distinction to make and this case is not unique as to this standard. Nevertheless, we are guided by *State, ex rel. Holdridge,* v. *Indus. Comm.* (1967), 11 Ohio St. 2d 175, 178 [40 O.O.2d 162], wherein it was stated:

"* * * [S]ubstantive law is that which creates duties, rights, and obligations, while procedural or remedial law prescribes methods of enforcement of rights or obtaining redress."

R.C. 2125.02, as amended, differs from the former R.C. 2125.02, in that the previous section limited recovery in wrongful death actions to the pecuniary loss sustained by the decedent's beneficiaries and reasonable funeral expenses and did not allow the beneficiaries to recover for their mental suffering or the loss of companionship, society or consortium resulting from the decedent's death.[2]

Conversely, R.C. 2125.02, as amended effective February 5, 1982, allows the decedent's beneficiaries to recover, in addition to the pecuniary loss suffered as a consequence of the decedent's death, damages generally for the loss of services of the decedent, the loss of society of the decedent, as well as the mental anguish incurred by the beneficiaries.[3] The question becomes

---

[2] Prior to February 5, 1982, R.C. 2125.02 read as follows:

"An action for wrongful death must be brought in the name of the personal representative of the deceased person, but shall be for the exclusive benefit of the surviving spouse, the children, and other next of kin of the decedent. The jury may give such damages as it thinks proportioned to the pecuniary injury resulting from such death to the persons, respectively, for whose benefit the action was brought, and the reasonable funeral expenses incurred as a result of the wrongful death. In its verdict the jury shall set forth separately the amount of damages, if any, awarded for reasonable funeral expenses. Except as otherwise provided by law, every such action must be commenced within two years after the death of such deceased person. Such personal representative, if he was appointed in this state, with the consent of the court making such appointment may, at any time before or after the commencement of the suit, settle with the defendant the amount to be paid."

See, *e.g., Steel* v. *Kurtz* (1876), 28 Ohio St. 191, paragraphs three and four of the syllabus; *Cincinnati Street Ry.* v. *Altemeier* (1899), 60 Ohio St. 10, paragraph one of the syllabus; *Kennedy* v. *Byers* (1923), 107 Ohio St. 90, paragraph two of the syllabus; *Rubeck* v. *Huffman* (1978), 54 Ohio St. 2d 20, 22 [8 O.O.3d 11]. Cf. *Keaton* v. *Ribbeck* (1979), 58 Ohio St. 2d 443, 446 [12 O.O.3d 375], (dissenting opinion).

[3] The amended version of R.C. 2125.02 reads:

"(A)(1) An action for wrongful death shall be brought in the name of the personal representative of the decedent for the exclusive benefit of the surviving spouse, the children, and the parents of the decedent, all of whom are rebuttably presumed to have suffered damages by reason of the wrongful death, and for the exclusive benefit of the other next of kin of the decedent.

"(2) The jury, or the court if the action is not tried to a jury, may award damages authorized by divisions (B) and (C) of this section, as it determines are proportioned to the injury and loss resulting to these beneficiaries by reason of the wrongful death, and may award the reasonable funeral and burial expenses incurred as a result of the wrongful death. In its verdict, the jury or court shall set forth separately the amount, if any, awarded for the reasonable funeral and burial expenses incurred as a result of the wrongful death.

"(3) The date of the decedent's death fixes the status of all beneficiaries of the action for purposes of determining the damages suffered by them and the amount of damages to be

whether an expansion of the amount of recoverable damages as propounded by the General Assembly represents a substantive or remedial alteration in the statute.

We are compelled to conclude that the legislative amendments of R.C. 2125.02 are remedial. Clearly, R.C. 2125.02, as amended, neither imposes any new "duties, rights, and obligations" nor removes any existing liability. Whether the trial of the instant case is controlled by the former R.C. 2125.02 or the amended version, appellee remains liable to appellant if it is established that appellee negligently caused Skees' death. The predicate of liability in wrongful death has in no way been changed under the rewritten version of R.C. 2125.02.

Appellee could not reasonably be expected to conduct his affairs differently depending on which version of R.C. 2125.02 was in effect. See *Wilfong* v. *Batdorf* (1983), 6 Ohio St. 3d 100, 104.

R.C. 2125.02, as amended, simply provides the scope of recovery for those persons entitled to receive damages in a wrongful death action. The issue of the amount of compensatory damages recoverable is independent from the question of liability. Appellee argues that the amended version of R.C. 2125.02 creates new causes of action on behalf of the beneficiaries. To the contrary, appellant has a single cause of action in wrongful death involving multiple elements of damages.

Appellee also relies on *Osai* v. *A & D Furniture Co.* (1981), 68 Ohio St. 2d 99 [22 O.O.3d 328], where we held that the treble-damage provision of R.C. 1345.09(B) was substantive and could not be applied to actions arising before its effective date. In contrast to the case at bar, *Osai, supra,* dealt with the retroactive application of a penalty provision, not with compensatory

---

awarded. A person who is conceived prior to the decedent's death and who is born alive after his death is a beneficiary of the action.

"In determining the amount of damages to be awarded, the jury or court may consider all factors existing at the time of the decedent's death that are relevant to a determination of the damages suffered by reason of the wrongful death.

"(B) Compensatory damages may be awarded in an action for wrongful death and may include damages for the following:

"(1) Loss of support from the reasonably expected earning capacity of the decedent;

"(2) Loss of services of the decedent;

"(3) Loss of the society of the decedent, including loss of companionship, consortium, care, assistance, attention, protection, advice, guidance, counsel, instruction, training, and education, suffered by the surviving spouse, minor children, parents, or next of kin;

"(4) Loss of prospective inheritance, to the decedent's heirs at law at the time of his death;

"(5) The mental anguish incurred by the surviving spouse, minor children, parents, or next of kin.

"(C) A personal representative appointed in this state, with the consent of the court making the appointment, may, at any time before or after the commencement of an action for wrongful death, settle with the defendant the amount to be paid.

"(D) All actions for wrongful death shall be commenced within two years after a decedent's death."

damages. A statute which imposes treble damages as a penalty for misconduct is obviously intended to prevent or discourage such activity, or, in other words, to conform the public's conduct. As discussed earlier, the expansion of allowable damages in wrongful death actions does not purport to control an individual's course of affairs, but merely seeks to justly compensate those persons injured as a direct consequence of a wrongful death. Thus, reliance on *Osai, supra,* is misplaced.

Accordingly, for the foregoing reasons, we hold that R.C. 2125.02 as amended, effective February 5, 1982, is remedial in nature as written and promulgated by the General Assembly, and applies to all wrongful death actions tried in any forum on or after that date.[4]

## II

Appellant also contends that since appellee failed to timely respond to appellant's request for admissions pursuant to Civ. R. 36 that appellant suffered damages in the amount of $200,000. Civ. R. 36(A) states in part:

"A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Rule 26(B) set forth in the request, that relate to

---

[4] The parties to this appeal have briefed and argued the issue of whether the General Assembly has made R.C. 2125.02, as amended, expressly retroactive by certain language contained in R.C. 2125.01 which was amended at the same time as R.C. 2125.02. It is argued that, under R.C. 1.48, if the General Assembly made the amendment expressly retroactive, we would be obliged to sanction its retroactive operation. Such contention grossly misperceives the import of R.C. 1.48, which states:

"A statute is presumed to be prospective in its operation unless expressly made retrospective."

That statute cannot authorize the General Assembly to enact retroactive legislation in light of Section 28, Article II of the Ohio Constitution which prohibits the General Assembly from passing retroactive legislation. Were the General Assembly able to make legislation retroactive merely upon a precise expression that the legislation is retroactive, Section 28, Article II would cease to be a limitation upon the legislative authority of the General Assembly. That result would be completely incompatible with the principle that the powers of the legislative branch of this state's government are subservient to the provisions of the Constitution. R.C. 1.48 is simply a codification of a rule of statutory construction and does not grant greater powers to the General Assembly than does the Constitution. See Section 1, Article II of the Ohio Constitution; cf. *Marbury* v. *Madison* (1803), 5 U.S. (1 Cranch) 137. The limitation in Section 28, Article II is inapplicable only when the General Assembly enacts procedural or remedial legislation. *Kilbreath* v. *Rudy, supra.* In the case of procedural or remedial legislation, the legislation will be applied to all proceedings occurring after the effective date regardless of the point of accrual. It is the exclusive function of the judiciary, ultimately this tribunal, to make the determination of whether legislation is procedural or remedial.

Thus, the question of whether R.C. 2125.02, as amended, was made expressly retroactive by the General Assembly is of no consequence to the resolution of the case at bar. When the retroactivity of a statute is brought before this court, our analysis must include a determination of whether the law is substantive, remedial, or procedural. The relationship between R.C. 1.48 and Section 28, Article II is therefore coexistent, but the constitutional provision must be paramount and control the extent that the two may come into conflict.

statements or opinions of fact or of the application of law to fact, including the genuineness of any documents described in the request. * * *

"* * * The matter is admitted unless, *within a period designated in the request,* not less than twenty-eight days after service thereof or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by his attorney. * * *" (Emphasis added.)

In the case at bar, appellee did not respond to appellant's requests for admissions until the date of trial. However, appellant's requests for admissions failed to designate a period within which appellee was to respond. Prior to trial, appellant requested that the trial court consider the amount of damages conclusively established in the amount listed in the request for admissions to which appellee failed to answer. At that time, appellee objected to the requests for admissions on the basis of an alleged defect in the form of the requests, *i.e.,* the omission of a designated response time. The trial court ruled that the question of the amount of damages would not be deemed admitted and would be submitted to the jury. We hold that the trial court was correct in that ruling.

In *Balson* v. *Dodds* (1980), 62 Ohio St. 2d 287 [16 O.O.3d 329], this court held in paragraph two of the syllabus:

"Pursuant to Civ. R. 36(B), a trial court, upon motion, may permit the withdrawal or amendment of a Civ. R. 36(A) admission when presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits."

In *Balson, supra,* we upheld the withdrawal of admissions occasioned by a party's failure to timely respond to requests for admissions. We noted that, "appellant has not demonstrated that these untimely answers would prejudice appellant in maintaining her action on the merits." *Balson, supra,* at 291. In the case *sub judice,* appellant has not demonstrated to any degree that submission of the amount of damages to the jury would prejudice her ability to maintain her action. Appellant's request for admissions clearly did not comply with the strictures of Civ. R. 36. Accordingly, we hold that the trial court properly ruled that the amount of damages not be deemed conclusively established under Civ. R. 36.

## III

Another consideration remains concerning the appropriate disposition of this appeal. In the court below, appellee cross-appealed and was awarded a new trial on the basis that the trial court erred in directing a verdict in favor of appellant on the issue of liability, in light of facts indicating that Skees could have been contributorily negligent. Nevertheless, appellee waived the new trial as long as the assignments of error raised by appellant below were rejected. Presumably, appellee opted to pay the amount of the jury's verdict

rather than go to the expense of a new trial. Appellee now suggests that, in the event this court reverses the decision of the court below on any issue raised by appellant, he remains entitled to a new trial based on his victory in the court of appeals. We disagree. Appellee did not file a notice of appeal in the court of appeals below. As we stated in *F. Enterprises* v. *Kentucky Fried Chicken Corp.* (1976), 47 Ohio St. 2d 154 [1 O.O.3d 90], paragraph five of the syllabus:

"The Supreme Court is without authority to grant affirmative relief to an appellee by modification of the judgment of the Court of Appeals where no cross-appeal has been taken by appellee by the filing of a notice of appeal in the Court of Appeals."

Here, the judgment of the court of appeals from which appellant appeals is the judgment of the court of appeals *upon reconsideration* which *affirms* the decision of the trial court. In seeking a new trial before this court, appellee clearly requests affirmative relief through modification of the judgment of the court below. Had appellee filed a notice of appeal in the court of appeals, we would have entertained the question whether the trial court properly directed a verdict on the issue of liability. Appellee's successful cross-appeal must now be considered abandoned and waived. The effect of appellee's waiver of his cross-appeal below and subsequent failure to perfect a cross-appeal to this court is that the trial court's directed verdict on the issue of liability is final.

## IV

In conclusion, the decision of the court of appeals that the amended version of R.C. 2125.02 is substantive is reversed, and the cause is hereby remanded to the trial court for a determination of damages in light of R.C. 2125.02, effective February 5, 1982.

*Judgment reversed*
*and cause remanded.*

SWEENEY, C. BROWN and J. P. CELEBREZZE, JJ., concur.

W. BROWN, J., concurs in judgment only.

LOCHER and HOLMES, JJ., dissent.

HOLMES, J., dissenting. The majority of this court misperceives the effect of R.C. 1.48 on the legislative enactment in question. In footnote 4, the majority opinion states that "whether R.C. 2125.02, as amended, was made expressly retroactive by the General Assembly is of no consequence to the resolution of the case at bar." It is with this language and underlying rationale that I most strongly disagree.

It has long been my position that the first step of analysis is to determine

the effect of R.C. 1.48 on the statute in question. If there is no specific expression by the General Assembly that the statute is to be retrospective in its application, R.C. 1.48 provides that it is to be prospective in nature. Accordingly, the statute will be applied to causes of action arising subsequent to the effective date of the legislation.

Conversely, if the clear language of the statute provides for a retrospective application, then the court must determine if the enactment affects substantive rights or remedial matters as set forth in *Kilbreath* v. *Rudy* (1968), 16 Ohio St. 2d 70 [45 O.O.2d 370]. However, this step need not be taken in reference to R.C. 2125.02, as amended.

The required retrospective language is nonexistent in this statute even if it is read *in pari materia* with R.C. 2125.01, as amended. The statutory language is not precisely retrospective and is, therefore, insufficient to override the presumption of prospectivity which is applied to enactments of the General Assembly. `

Finally, I feel compelled to address the issue of whether R.C. 2125.02, as amended, is merely remedial as held by the majority. Justice Herbert, in *State, ex rel. Holdridge,* v. *Indus. Comm.* (1967), 11 Ohio St. 2d 175, 178 [40 O.O.2d 162], set forth the distinction between substantive and remedial law as follows:

"* * * [s]ubstantive law is that which creates duties, rights, and obligations, while procedural or remedial law prescribes methods of enforcement of rights or obtaining redress."

After recognizing that the amendment to R.C. 2125.02 allows a decedent's beneficiaries to recover damages for the loss of services and the loss of society of the decedent as well as mental anguish suffered by the beneficiaries, the majority of this court states that, "[c]learly, R.C. 2125.02, as amended, neither imposes any new 'duties, rights, and obligations' nor removes any existing liability."

This rationale is troublesome. A statutory amendment which creates additional causes of action and increases the amount of damages recoverable by a plaintiff surely creates new "rights" for the plaintiff and places new "obligations" on the defendant.

I would affirm the judgment of the court of appeals.

LOCHER, J., concurs in the foregoing dissenting opinion.