**CENTRAL STATES STAMPING CO., Plaintiff,**

v.

**LAKE COUNTY NATIONAL BANK, Defendant.**

**Civ. A. No. C 77–821.**

United States District Court,
N.D. Ohio, E.D.

June 6, 1984.

Jeffry M. Embleton, Cleveland, Ohio, for plaintiff.

Harry T. Quick, Cleveland, Ohio, for defendant.

## MEMORANDUM AND ORDER

ANN ALDRICH, District Judge.

Pending before the Court is plaintiff Central States Stamping Co.'s ("Central States") Motion for Prejudgment Interest, in which Central States seeks relief pursuant to Ohio Revised Code § 1343.03(C). Upon consideration, plaintiff's motion is denied.

Ohio Revised Code § 1343.03(C) states in pertinent part that "[i]nterest on a judgment ... in a civil action based on tortious conduct and not settled by agreement of the parties, shall be computed from the date the cause of action accrued to the date on which the money is paid, if, ... the court determines ... that the party required to pay the money failed to make a good faith effort to settle the case...." The provision of the statute became effective on July 5, 1982. This case was tried to a jury and judgment was entered on January 29, 1982, prior to the effective date of the statute. Since that time, that judgment has been affirmed on appeal. The sole issue before this Court is whether the statute should be applied retroactively.

Since this issue has not been specifically addressed by the Supreme Court of Ohio, this Court must decide it by predicting what the Supreme Court of Ohio would do if faced with the same question. *Erie R.R. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *Glinsey v. Baltimore & Ohio Railroad Co.*, 495 F.2d 565 (6th Cir. 1974). The best evidence of how a state's highest court would determine an issue is the past relevant holdings of that court. *See*, 19 Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction* § 4507 (1982), and cases cited therein.

The Supreme Court of Ohio has recently addressed the applicability of newly enacted statutory damage provisions in two cases. In *Osai v. A & D Furniture*, 68 Ohio St.2d 99, 428 N.E.2d 857 (1981), it held that the treble damages provision of the Consumer Sales Practices Act could not be applied retroactively in an action which was commenced prior to its enactment. To hold otherwise, the court reasoned, "would disregard the basic statutory requirements that a statute be given only prospective application unless the General Assembly expressly directs to the contrary ..." *Id.* at 100–101, 428 N.E.2d 857, referring to O.R.C. §§ 1.48 and 1.58. The court further stated that the treble damage penalty provision affects substantive rights, and its retroactive application would violate due process and contravene Article II of the Ohio Constitution, which prohibits the enactment of retroactive laws.

Later, in *French v. Dwiggins*, 9 Ohio St.3d 32, 458 N.E.2d 827, 9 OBR 123 (1984), the Supreme Court of Ohio held that Ohio's amended wrongful death statute, which contained new and additional damage provisions, would be applied to all actions tried subsequent to the effective date of the amendment. The court distinguished its holding in *Osai, supra,* on the ground that the treble damages statute was substantive and could be applied only prospectively, whereas the compensatory damage provisions dealt with in *French* are remedial and may be applied retroactively.

... In contrast to the case at bar, *Osai, supra,* dealt with the retroactive application of a penalty provision, not with compensatory damages. A statute which imposes treble damages as a penalty for misconduct is obviously intended to prevent or discourage such activities, or, in other words to conform the public's conduct. As discussed earlier, the expansion of allowable damages in wrongful death actions does not purport to control an individual's course of affairs, but merely seeks to justly compensate those

persons injured as a direct consequence of a wrongful death.

*French v. Dwiggins,* 458 N.E.2d 827, 9 OBR at 126.

Like the statute in *Osai, supra,* the amended provision in O.R.C. § 1343.03 imposes a penalty for misconduct, specifically a party's failure to make a good faith effort to settle pending litigation, and is intended to "conform the public's conduct". Accordingly, it must be concluded that O.R.C. § 1343.03 may not be retroactively applied in this case.

Plaintiff's motion must be denied.

IT IS SO ORDERED.