BAILEY, APPELLEE, *v.* GILBERT;
SUPERINTENDENT, DIVISION OF REAL
ESTATE, APPELLANT.

(No. CA84-08-007 — Decided
August 12, 1985.)

*James L. Butler* and *Michael J. Landen,* for appellee.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Kevin J. Reis,* for appellant.

*Per Curiam.* This cause came on to be heard upon an appeal from the Court of Common Pleas of Fayette County.

On May 24, 1983, appellee, George R. Bailey, filed suit against defendant Morrison Gilbert based upon Gilbert's alleged fraud and other misconduct as a real estate licensee. On March 6, 1984, the trial court awarded appellee $28,085 in compensatory damages and $25,000 in punitive damages. After appellee initiated collection efforts against Gilbert, appellee filed an application against defendant-appellant, the Ohio Superintendent of Real Estate, for recovery from the Real Estate Recovery Special Account (now Real Estate Recovery Fund) for the unpaid portion of the judgment against Gilbert.

A hearing on the issue was conducted on July 13, 1984 and on July 16, 1984; the trial court ordered appellant to pay appellee $18,285 in compensatory damages. On July 31, 1984, the trial court ordered appellant to pay $21,715 in punitive damages. From this decision, appellant brings this timely appeal naming three assignments of error.

Appellant's assignments of error are as follows:

First Assignment of Error

"The common pleas court erred by applying the old version of Section 4735.12 when Section 4735.12, as amended July 1, 1983, clearly applies to all acts of misconduct committed after March 4, 1975."

Second Assignment of Error

"The common pleas court erred in holding that the old version of Section 4735.12 (in effect prior to July 1,1983) applied because:

"1. As of July 1, 1983 appellee (plaintiff-applicant below) did not even have a judgment against the real estate licensee as required by Section 4735.12(B), Ohio Revised Code.

"2. As of July 1, 1983, appellee had not even attempted collection efforts against the real estate licensee as re-

quired by Section 4735.12(B)(4), Ohio Revised Code.

"3. As of July 1, 1983, appellee had not satisfied any of the requirements of Section 4735.12(B) nor made application against the Real Estate Recovery Fund."

Third Assignment of Error

"The common pleas court erred in adopting appellee's erroneous arguments that the date of conduct and/or the date of complaint against the licensee controls."

R.C. 4735.12, prior to its amendment which was effective July 1, 1983, provided (see 139 Ohio Laws, Part II, 3849) for payment by the Superintendent of Real Estate of a "final judgment" which was rendered against a licensee. The statute did not distinguish between or make any limitation as to compensatory or punitive damages. The Ohio Supreme Court held that payment of punitive damages was allowed under R.C. 4735.12, because the term "final judgment" encompassed punitive damages included in a final judgment. *Baltimore Savings & Loan Co.* v. *Frye* (1984), 9 Ohio St. 3d 164.

However, R.C. 4735.12(B) as amended (see 140 Ohio Laws, Part II, 3093-3094) states that payment out of the Real Estate Recovery Special Account shall be for the "actual and direct loss sustained by the applicant." The amendment, therefore, disallows recovery for punitive damages. Appellant argues that the amended statute should apply to this situation, as the legislature intended that it should be applied retroactively. Appellee contends the amendment would take away a substantive right in violation of Section 28, Article II of the Ohio Constitution which forbids retrospective legislation, and which has been interpreted as not applying to remedial or procedural laws.

In *French* v. *Dwiggins* (1984), 9 Ohio St. 3d 32, the Supreme Court of Ohio stated that an amendment expanding the amount of damages recoverable by a plaintiff represents a remedial alteration, and therefore may be retroactively applied. In *French, supra,* the Ohio Supreme Court distinguished the case of *Osai* v. *A & D Furniture Co.* (1981), 68 Ohio St. 2d 99 [22 O.O.3d 328], which held that an amendment limiting punitive damages to treble damages, and thereby reducing the amount of plaintiffs' damages if applied, could not be applied retroactively since it affected a substantive right. The *Dwiggins* court, at 35-36, stated that penalty provisions are substantive since their very purpose is to prevent or discourage improper conduct.

In applying the reasoning of the Ohio Supreme Court to the case *sub judice,* we hold that the amendment to R.C. 4735.12 which disallows punitive damages affects a substantive right and therefore cannot be applied retroactively to one who, prior to the amendment, has accrued a substantive right to the fund.

This holding is not in conflict with *Baltimore Savings, supra,* which retroactively applied an amendment to R.C. 4735.12 that increased the maximum amount of recovery from the fund from $20,000 to $40,000 per licensee. The case *sub judice* does not represent an expansion of the amount of recoverable damages, but rather reduces punitive damages previously allowed under the statute by disallowing them altogether.

Therefore, although we hold the new amendment cannot be applied retroactively, we must still decide whether appellee accrued a substantive right to the fund prior to the amendment.

R.C. 4735.12(B) in pertinent part stated (see 139 Ohio Laws, Part II, 3849-3850):

"When any person * * * obtains a final judgment in any court of competent jurisdiction against any broker or

salesman licensed under this chapter, on the grounds of an act, omission, representation, transaction, or other conduct that is in violation of this chapter * * * such person may upon exhaustion of all appeals, file a verified application in any court of common pleas for an order directing payment out of the real estate recovery special account of the amount of the judgment which remains unpaid.

"The court shall order the superintendent to make such payments out of the real estate recovery special account *when the person seeking the order has shown that*:

"(1) *He has obtained a judgment,* as provided in this division * * *." (Emphasis added.)

It is clear that appellee had a substantive right to punitive damages from Gilbert at the time of the wrongdoing which could not be divested by a retroactive statute. However, the Real Estate Recovery Special Account was created by statute, and it is the statute itself which directed at which point appellee attained a substantive right to the fund. The statute specifically stated that the superintendent was to make payments out of the fund only after the person seeking such payment had obtained a final judgment. Appellee did not even have the right to apply to the fund until he had obtained a final judgment in a court of competent jurisdiction.

Unlike *Baltimore Savings, supra,* where a final judgment had been rendered and an application had been made prior to amendment of the statute, in the case *sub judice,* appellee did not obtain a final judgment prior to July 1, 1983, the effective date of the amendment. Since appellee did not accrue a substantive right to the fund until after the statute was amended, an application of the amended statute to appellee is not retroactive, but rather, an appropriate prospective application.

Accordingly, appellant's second assignment of error is sustained. Due to our ruling on appellant's second assignment of error, the other two assignments of error alleged by appellant are hereby overruled as being moot.

The assignments of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, reversed and the cause remanded for further proceedings not inconsistent to this decision.

*Judgment reversed*
*and cause remanded.*

HENDRICKSON, P.J., KOEHLER and CASTLE, JJ., concur.

CASTLE, J., retired, of the Twelfth Appellate District, was assigned to active duty pursuant to Section 6(C), Article IV, Constitution.