HARDEMAN, APPELLANT, *v.* WHEELS, INC. ET AL., APPELLEES.

(No. CA88-02-017—Decided
December 27, 1988.)

*Burdge & Associates* and *Ronald L. Burdge,* for appellant.

*Steer, Strauss, White & Tobias* and *Charles H. Tobias, Jr.,* for appellee Chrysler Credit Corp.

*Morganstern & MacAdams Co., L.P.A.,* and *Stanley Morganstern,* for appellee Wheels, Inc.

*Per Curiam.* On April 27, 1985, plaintiff-appellant, Lori Hardeman, purchased an automobile from defendant-appellee, Wheels, Inc. ("Wheels"). Hardeman signed financing papers but was not informed of either the length or terms of the agreement. Wheels subsequently sold Hardeman's loan to defendant-appellee, Chrysler Credit Corporation ("Chrysler").

Before she made any payments on the contract, Hardeman discovered that Wheels had charged her in excess of the agreed-upon sticker price, that Wheels had induced her into purchasing a $500 warranty she did not need, and that she received less than the agreed-upon amount for a trade-in on a used automobile.

Hardeman notified Chrysler of these problems and when negotiations failed, Hardeman filed suit against Wheels and Chrysler. Prior to trial, Hardeman paid $2,299.99 on the contract, leaving an unpaid balance of $10,245.41 due to Chrysler.

During trial before a jury, the trial court granted Hardeman directed verdicts on her following claims: breach of contract and warranties; violations of the Ohio Consumer Sales Practices Act ("CSPA"), R.C. Chapter 1345; and fraud, deceit and misrepresentation.

The issue of damages was submitted to the jury, which found Wheels liable for $5,000 actual damages for breach of contract, fraud and violations of the CSPA. The jury further found that Wheels had committed three statutory violations of the CSPA, for which Hardeman was entitled to $200 for each violation. Hardeman was awarded treble damages on both the actual damages and the CSPA statutory violations. The jury also awarded punitive damages of $750,000. The trial court issued a judgment entry in favor of Hardeman for $771,200.

Because Wheels was insolvent, it could only pay $1,185 towards the judgment. Hardeman subsequently sought to set off the judgment against the amount she owed Chrysler. Hardeman also sought a determination of Chrysler's liability regarding her judgment against Wheels.

In an opinion dated July 29, 1987, the trial court ruled that Chrysler, as the assignee of the contract, was not a holder in due course and that Hardeman could set off both the actual damages and statutory damages totaling $5,600 from the balance she owed Chrysler. On the other hand, the court held that neither the treble damages nor punitive damages were subject to a setoff.

Hardeman subsequently filed a motion for attorney fees and expenses, requesting $7,695 in attorney fees and $1,681.48 in expenses. The trial court awarded fees of $1,750 and expenses of $888.50 and ruled that neither could

be set off against the balance owed to Chrysler.

Hardeman appeals and submits the following assignments of error for review:

First Assignment of Error

"The trial court erred to the prejudice of plaintiff-appellant in its findings that plaintiff's judgment against defendant Wheels, Inc. may not be entirely used to set off the amount owed by the plaintiff to defendant Chrysler Credit Corporation on its retail installment sales contract."

Second Assignment of Error

"The trial court abused its discretion in awarding attorney fees under R.C. 1345.09 in the amount of $1,750.00 where plaintiff's attorney was forced to spend more than 83 hours preparing a case for two different trial dates, report conferences with the trial court, pretrial conferences with the trial court, pretrial motions, discovery, motions to compel discovery, and preparation of testimony and testimony of an expert witness, an actual trial, post-trial motions and memoranda and hearings."

Third Assignment of Error

"The trial court erred to the prejudice of plaintiff-appellant in its finding that plaintiff's attorney fees and costs judgment against defendant Wheels, Inc. is not a 'claim' that may be used to set off the amount owed by the plaintiff to defendant Chrysler Credit Corporation on its retail installment sales contract."

For her first assignment of error, Hardeman argues that she should be permitted to set off the full amount of her judgment against the balance she owes on the contract to Chrysler. Hardeman claims that since Chrysler is not a holder in due course, it is subject to all claims and defenses which she could assert against Wheels.

Hardeman's contract with Wheels contained the following language:

"NOTICE

"ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS *SUBJECT* TO *ALL CLAIMS AND DEFENSES WHICH* THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER." (Emphasis added.)

This language is required by a trade regulation rule promulgated by the Federal Trade Commission which effectively banned the utilization of the holder-in-due-course doctrine in consumer credit cases. See Section 433.2 (a), Title 16, C.F.R. The issue to be decided in this assignment of error is whether the phrase "all claims" as used in Section 433.2(a), Title 16, C.F.R. encompasses Hardeman's claims for punitive and treble damages in addition to actual damages. Hardeman argues that the anti-holder-in-due-course provisions of the federal regulation entitles her to set off the entire $771,200 judgment she obtained against Wheels against the amount she still owes Chrysler under the contract.

One commentator has observed that the purpose of Section 433.2, Title 16, C.F.R. is:

"* * * [B]ased on [a] simple public policy determination: as between an innocent consumer and a third party financer, the latter is generally in a vastly superior position (1) to return the cost to the seller, where it properly belongs, (2) to exert an influence over the behavior of the seller in the first place, and (3) to the extent the * * ** [financer] cannot return the cost (as in the case of fly-by-night dealers), to 'internalize' the cost by spreading it among all consumers as an increase in the price of credit. * * *" 2 Fonseca,

Handling Consumer Credit Cases (3 Ed. 1987) 703, Section 24:1. See, also, *Provident Bank* v. *Barnhart* (1982), 3 Ohio App. 3d 316, 319, 3 OBR 370, 373, 445 N.E. 2d 746, 749-750, fn. 3.

Thus, the holder of a retail installment contract assigned under such a notice pursuant to the federal regulation is subject to any claim or defense the debtor could assert against the original seller of the goods, provided the claim or defense is one arising out of or connected with the original transaction. *Barnhart, supra.*

Section 433.2, Title 16, C.F.R. precludes the separation of the buyer's duty to pay for goods or services from the seller's reciprocal duty to perform as promised. Fonseca, *supra.*

In *Thomas* v. *Ford Motor Credit Co.* (1981), 48 Md. App. 617, 429 A. 2d 277, a Maryland court of appeals held that the assignee of a contract containing the language of the federal regulation can be sued directly by the debtor. However, the regulation's final sentence limits the debtor's recovery to amounts paid by the debtor under the contract. *Id.* Thus, although the regulation limits the amount of the recovery, it does not preclude the debtor from asserting a claim against the holder of the contract. *Id.*

Hardeman asserts that since the regulation subjects Chrysler to all "claims," she may set off or deduct all damages, including the treble damages and punitive damages, since they are claims which she has against Wheels resulting from Wheels' breach of the contract.

The trial court permitted Hardeman to deduct or set off her actual damages but not the treble damages or punitive damages. Treble damages awarded under the CSPA are punitive and designed to prevent or discourage certain activities or misconduct. *French* v. *Dwiggins* (1984), 9 Ohio St. 3d 32, 9 OBR 123, 458 N.E. 2d 827. In addition, since punitive damages are assessed as punishment and not compensation, a positive element of conscious wrongdoing is always required. *Preston* v. *Murty* (1987), 32 Ohio St. 3d 334, 512 N.E. 2d 1174.

We agree with the trial court that Chrysler should not be punished for the culpability of Wheels to the extent that Chrysler should be held accountable for such damages of a purely punitive nature. There is obviously no conscious wrongdoing or misconduct on the part of Chrysler in the case at bar. The onerous burden of paying a potentially extensive statutory and common-law punitive award rendered against a culpable merchant should not be imputed to an innocent assignee of the contract. It is enough that these holders such as Chrysler are denied the advantage of being a holder in due course and are subject to any actual and compensatory damages suffered by the innocent purchaser. This is penalty enough for accepting business from dishonest merchants.

We conclude that the trial court did not err in denying Hardeman's request to set off the treble and punitive damages against Chrysler. The first assignment of error is therefore overruled.

In her second assignment of error, Hardeman claims that the trial court abused its discretion by not awarding the full amount of attorney fees and expenses Hardeman requested under the CSPA.

R.C. 1345.09 provides that a violation of the CSPA entitles a consumer to, among other things, the following relief:

"(F) The court may award to the prevailing party a reasonable attorney's fee limited to the work reasonably performed, if either of the following apply:

"* * *

"(2) The supplier has knowingly

committed an act or practice that violates this chapter."

In construing R.C. 1345.09, we held in *Brooks* v. *Hurst Buick-Pontiac-Olds-GMC, Inc.* (1985), 23 Ohio App. 3d 85, 23 OBR 150, 491 N.E. 2d 345, that the statute calls for the award of "reasonable" attorney fees. In reviewing such an award, we further noted that:

"It is well-settled that where a court is empowered to award attorney fees by statute, the amount of such fees is within the sound discretion of the trial court. Unless the amount of fees determined is so high or so low as to shock the conscience, an appellate court will not interfere. The trial judge which participated not only in the trial but also in many of the preliminary proceedings leading up to trial has an infinitely better opportunity to determine the value of services rendered by lawyers who have tried a case before him than does an appellate court." *Id.* at 91, 23 OBR at 155, 491 N.E. 2d at 351-352.

In exercising its discretion in the award of such fees and expenses, the trial court may make an award based upon the actual value of the necessary services. See *Bierlein* v. *Alex's Continental Inn, Inc.* (1984), 16 Ohio App. 3d 294, 16 OBR 325, 475 N.E. 2d 1273.

We have reviewed the record and Hardeman's motion for fees and expenses. We cannot say that the trial court abused its discretion by not granting the requested fees. The trial court was obviously in a better position to determine what actual services were necessary in the case at bar and their reasonable value. The amount awarded by the trial court is neither so low nor so high as to warrant or justify our interference with that decision.

Having found no abuse of discretion, we therefore conclude that the second assignment of error is without merit and is accordingly overruled.

In her final assignment of error, Hardeman submits that the attorney fees and costs are "claims" under Section 433.2, Title 16, C.F.R. which she may set off against the balance owed to Chrylser under the contract.

The federal regulation permits the injured party to assert all claims against the holder or assignee of an installment loan contract. It is Hardeman's position that equity should permit her to set off her attorney fees and expenses as such a claim. The provisions of R.C. 1345.09 permit the award of attorney fees against a supplier who knowingly violates the CSPA. *Brooks, supra.* Chrysler clearly was not the supplier in this matter nor was it involved in effecting or soliciting consumer transactions. Chrysler is clearly subject to Hardeman's claims for actual and statutory damages designed to compensate the injured party. However, Chrysler should not be subject to claims or defenses which encompass penalties specifically designed to be assessed against the supplier, rather than the assignee, for the supplier's statutory or common-law infractions. We find no error in the trial court's refusal to grant Hardeman's request to set off the attorney fees and costs against Chrylser's claim for the balance of the contract.

The third assignment of error is hereby overruled.

*Judgment affirmed.*

JONES P.J., HENDRICKSON and YOUNG, JJ., concur.