OPINION
{¶ 1} Plaintiff-appellant, Patrick McGreevy ("plaintiff"), appeals from the Franklin County Municipal Court's entry of summary judgment in favor of defendant-appellee, Rick Bassler ("defendant"), on claims arising out of the landlord-tenant relationship between plaintiff and defendant. For the following reasons, we reverse the trial court's judgment and remand this matter for further proceedings.
 {¶ 2} On August 14, 2006, plaintiff filed a complaint in the Franklin County Municipal Court, alleging claims against defendant, his tenant, for forcible entry and *Page 2 
detainer and for recovery of unpaid rent, due August 1, 2006. The trial court dismissed plaintiff's forcible entry and detainer claim on August 29, 2006. On October 16, 2006, defendant answered plaintiff's complaint and filed counterclaims, which alleged: breaches of the parties' written lease, based primarily on plaintiff's failure to fix the refrigerator in the rented premises; violation of R.C. 5321.04, which sets forth statutory duties applicable to landlords; and a claim based on plaintiff's failure to return defendant's security deposit. Plaintiff filed a reply to defendant's counterclaims on November 22, 2006, denying all allegations asserted therein.
 {¶ 3} In his counterclaim, defendant alleges that he and plaintiff entered into a one-year apartment lease in May 2002 and that a month-to-month tenancy continued after the expiration of the lease term. Defendant alleges that, in June 2006, the refrigerator in the apartment stopped working and that he notified plaintiff of that fact in letters mailed with his rent payments for June 2006 and July 2006. Defendant also alleges that, on August 7, 2006, he notified plaintiff, in a voice mail message and by certified mail, that he was terminating the tenancy based on plaintiff's failure to fix the refrigerator. Defendant claims that he sent his August 2006 rent payment to plaintiff by certified mail on August 10, 2006, and vacated the apartment on August 28, 2006.[1]
Defendant also asserts that, although he notified plaintiff of his forwarding address on September 5, 2006, plaintiff did not refund defendant's security deposit.
 {¶ 4} On February 2, 2007, defendant filed a motion to compel discovery and to deem admitted unanswered requests for admissions. Defendant claimed that, on *Page 3 
January 2, 2007, his counsel issued requests for production of documents, pursuant to Civ.R. 34, and requests for admissions, pursuant to Civ.R. 36, via certified mail, and stated that plaintiff failed to respond. It is undisputed that the U.S. Postal Service returned the discovery requests to defendant's counsel, marked unclaimed, and that defendant's counsel made no further effort to deliver the requests to plaintiff.
 {¶ 5} On February 15, 2007, defendant filed a motion for summary judgment. As in his discovery motion, defendant argued that the matters upon which he requested admissions should be deemed admitted based on plaintiff's failure to deny such requests. Defendant did not attach copies of his requests for admissions, although he copied the requests themselves into the body of his motion for summary judgment. Defendant submitted no affirmative evidence in support of his motion for summary judgment. Rather, based solely on the unanswered requests for admissions, defendant argued that he was entitled to judgment as a matter of law on plaintiff's claim for unpaid rent and on his counterclaims.
 {¶ 6} In response to defendant's motion for summary judgment, plaintiff filed two memoranda, which argued that the court should not deem admitted matters contained in the requests for admissions because plaintiff did not receive defendant's discovery requests. Plaintiff also argued that he first learned of the discovery requests upon receipt of defendant's discovery motion and that, since then, defendant's counsel had ignored his persistent attempts to obtain copies of the discovery requests. By affidavit, plaintiff stated that he did not receive defendant's discovery requests via mail and that his attempts to obtain such requests from defendant's counsel had been unsuccessful. *Page 4 
 {¶ 7} On February 27, 2007, plaintiff filed a motion for leave to answer defendant's requests for admissions. In addition to repeating the arguments set forth in his memoranda in opposition to defendant's motion for summary judgment, plaintiff submitted written responses to the requests for admissions, as copied in the body of defendant's motion for summary judgment, denying most of the requests. Plaintiff also recounted his efforts to obtain the discovery requests from defendant's counsel, stating that he requested the discovery requests from defendant's counsel by fax, in two personal visits to counsel's office, and in several telephone calls.
 {¶ 8} At a March 2, 2007 pretrial, the trial court heard argument, on the record, regarding defendant's discovery motion and motion for summary judgment. Defendant's counsel provided the court with the unopened, unclaimed certified mail envelope containing defendant's discovery requests, and the trial court verified its contents. Defendant's counsel argued that he properly served plaintiff with requests for admissions by certified mail and that service was complete upon mailing, despite the fact that the discovery requests were returned to him unclaimed. The trial court agreed and held that the matters contained in the requests for admissions were conclusively admitted based on plaintiff's failure to deny such matters. Based on the admissions, the trial court granted defendant's motion for summary judgment.
 {¶ 9} After conducting a damages hearing on March 5, 2007, the trial court issued a final judgment entry, in which it explained its reasoning for deeming admitted the matters upon which defendant requested admissions:
 * * * According to Civ. R. 5(A) discovery is to be served on parties to the suit and in accordance with Civ. R. 5(B) service on a party may be made by mailing to the last known address of the person to be served. Service, in this case of *Page 5 
the discovery, is complete upon mailing. Plaintiff's choice not to collect certified mail after receiving notice that it was waiting for him is akin to receiving ordinary mail and choosing not to open the envelope. Plaintiff cannot take advantage of his own voluntary ignorance and use it as a means to thwart the normal process of this litigation.
Based upon the facts deemed admitted, the trial court entered judgment in favor of defendant on plaintiff's claim for unpaid rent and on defendant's counterclaims, in the amount of $3,325 plus costs and post-judgment interest.
 {¶ 10} Plaintiff filed a timely notice of appeal, but subsequently filed a motion for relief from judgment in the trial court reasserting his objections to the court's rulings regarding the requests for admissions. On June 27, 2007, this court stayed this appeal for resolution of plaintiff's Civ.R. 60(B) motion, which the trial court denied on July 25, 2007, stating that it lacked jurisdiction to grant the requested relief.
 {¶ 11} In this appeal, plaintiff assigns the following as error:
 [I.] The trial court erred by deeming the requests for admissions served by certified mail as admitted in that certified mail service was insufficient where certified mail service was unclaimed.
 [II.] The trial court erred in refusing to resolve Appellant-Plaintiff's Civil Rule 60 B Motion for Relief from judgment.
 {¶ 12} Under his first assignment of error, plaintiff argues that the trial court erred by determining that the matters upon which defendant requested admissions were conclusively admitted, by refusing him leave to answer the requests for admissions and/or to withdraw the admissions, and by granting summary judgment in favor of defendant based on such admissions. We agree. *Page 6 
 {¶ 13} Civ.R. 36 governs requests for admission and provides, in pertinent part:
 (A) Availability; procedures for use
 A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Civ. R. 26(B) set forth in the request, that relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents described in the request. * * * The request may, without leave of court, be served upon the plaintiff after commencement of the action * * *.
 Each matter of which an admission is requested shall be separately set forth. * * * The matter is admitted unless, within a period designated in the request, not less than twenty-eight days after service thereof or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney. * * *
 (B) Effect of admission
 Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. * * *
When a party fails to timely respond to a request for admissions, "the admissions [become] facts of record which the court must recognize."Cleveland Trust Co. v. Willis (1985), 20 Ohio St.3d 66, 67. An admission by default is a written admission that a court may consider, pursuant to Civ.R. 56(C), in its consideration of a motion for summary judgment.T S Lumber Co. v. Alta Constr. Co., Inc. (1984), 19 Ohio App.3d 241,244.
 {¶ 14} Plaintiff first argues that he was not properly served with defendant's requests for admissions because the certified mail envelope containing such requests was returned to defendant as unclaimed. In contrast, defendant argues that he properly *Page 7 
served the requests for admissions on plaintiff via certified mail, that service was complete upon mailing, and that plaintiff's failure to answer the requests results in the matters set forth therein being deemed admitted pursuant to Civ.R. 36(A). Before reaching this question of service, however, we consider whether, even if plaintiff had received defendant's requests for admissions, the trial court nevertheless erred in deeming the matters set forth therein admitted and in denying plaintiff's motion for leave to answer the requests or to amend or withdraw the admissions.
 {¶ 15} Civ.R. 36(A) requires that a request for admission designate a period, not less than 28 days, in which the responding party must deny the admissions or have the matters deemed admitted. In Richardson v.Fairbanks Ltd., L.L.C. (Oct. 28, 1997), Franklin App. No. 97APE03-384, this court stated:
 The twenty-eight-day language in Civ.R. 36(A) is intended to ensure that a receiving party has at least that long to respond to requests for admissions. However, there is no indication in the rule that twenty-eight days is intended to be the standard period for responding to requests for admissions in the absence of a longer designated period. Rather, the plain language of Civ.R. 36(A) requires that a party serving requests for admissions designate a timeperiod, of at least twenty-eight days, for responding to the requests. French v. Dwiggins (1984), 9 Ohio St.3d 32, 37, 458 N.E.2d 827; Heller v. McLaughlin (Sept. 26, 1996), Cuyahoga App. No. 70072, unreported. Requests for admissions which do not designate a period by which responses thereto must be served do not comply with "the strictures of Civ. R. 36." French, supra.
(Emphasis sic.) We went on to hold that, "where requests for admissions are served without designating a period within which responses are due, the responses may be served at anytime prior to trial." Id. *Page 8 
 {¶ 16} In Richardson, the defendants moved, in response to the plaintiff's motion for summary judgment, for leave to respond to requests for admissions that had been served on them more than two months earlier. Although the requests for admissions did not designate a period within which defendants were required to respond, the trial court deemed the matters contained therein admitted by default and, based in part on the admissions, granted the plaintiff's motion for summary judgment. On appeal, we found that the trial court erred by denying defendants' motion for leave to respond to the requests for admissions prior to trial where the requests did not designate a shorter period for response.[2]
 {¶ 17} Here, defendant did not designate a period within which plaintiff was required to respond to the requests for admissions. Rather, the requests state only that, "[p]ursuant to Rule 36 of the Ohio Rules of Civil Procedure, Defendant requests that the Plaintiff Patrick McGreevy, provide responses to the following requests for admissions." Accordingly, the requests for admissions do not comply with the strictures of Civ.R. 36(A), and, even assuming that plaintiff was properly served, he was entitled to respond to the requests for admissions any time prior to trial. Especially in light of plaintiff's pre-trial motion for leave to respond to defendant's requests, we find that the trial court erred in denying plaintiff's request for leave to respond and in deeming admitted the matters set forth in defendant's requests for admissions.
 {¶ 18} For these reasons, we sustain plaintiff's first assignment of error and reverse the trial court's judgment, which was based solely on the admissions. Having *Page 9 
sustained plaintiff's first assignment of error and reversed the trial court's entry of summary judgment, we find that plaintiff's second assignment of error, concerning his Civ.R. 60(B) motion for relief from judgment, is moot. Therefore, we overrule plaintiff's second assignment of error. Accordingly, we reverse the judgment of the Franklin County Municipal Court and remand this matter for further proceedings consistent with this opinion and the law.
Judgment reversed and cause remanded.
McGRATH, P.J., and SADLER, J., concur.
[1] In his appellate brief, defendant admits that the certified mail containing his August 2006 rent was returned as unclaimed.
[2] Because other evidence in the record was sufficient to support the trial court's grant of summary judgment, we nevertheless affirmed the trial court's judgment. *Page 1