IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

———————————————

JAMIE HAYWARD fka JAMIE CIFUENTES,
*Plaintiff/Appellant*,

v.

ARIZONA CENTRAL CREDIT UNION,
*Defendant/Appellee*.

No. 1 CA-CV 15-0450
FILED 1-10-2017

———————————————

Appeal from the Superior Court in Maricopa County
No.  CV2014-096164
The Honorable David M. Talamante, Judge

**REVERSED AND REMANDED**

———————————————

COUNSEL

Choi & Fabian, PLC, Chandler
By Veronika Fabian, Hyung S. Choi
*Counsel for Plaintiff/Appellant*

Gordon & Rees, LLP, Phoenix
By Matthew G. Kleiner, Camille S. Bass
*Counsel for Defendant/Appellee*

DNA People's Legal Services, Inc., Flagstaff
By Andrea M. Goddard
*Counsel for Amici Curiae*

_____

**OPINION**

Presiding Judge Diane M. Johnsen delivered the opinion of the Court, in which Judge Jon W. Thompson and Judge Paul J. McMurdie joined.

_____

**J O H N S E N,** Judge:

¶1        A woman sued a car dealership that had sold her a car and won a judgment for compensatory and punitive damages, costs and fees. Unable to satisfy the full amount of the judgment from the dealership, the buyer then sued the holder of her installment sales contract under 16 C.F.R. § 433.2, which renders the holder of consumer debt subject to "all claims" a buyer could bring against the seller.  The superior court dismissed the buyer's complaint, reasoning that the federal rule does not permit recovery of punitive damages or fees, and the buyer already had managed to garnish an amount exceeding her compensatory damages.  We reverse the dismissal, holding that even if the federal rule does not permit recovery of punitive damages and fees, nothing required that the buyer's partial recovery be allocated first toward satisfying the compensatory damages component of her judgment.

## FACTS AND PROCEDURAL BACKGROUND

¶2        Jamie Hayward bought a car from Steve Coury Buick, Pontiac & GMC Truck.  Including various fees, the purchase price came to $15,625.14.  Hayward made a cash down payment of $1,000 and traded in a vehicle that was worth $79.09 more than what she still owed on it.  She financed the remainder of the purchase price, $14,546.05, through a retail installment sales contract and purchase money security agreement.  That agreement obligated the dealership to pay off what Hayward still owed on the car she traded in.  But after one of its employees stole the trade-in car, the dealership refused to pay off the lien.

¶3        Hayward sued the dealership, alleging, *inter alia*, that the dealership had damaged her credit and she was subject to suit by the lender on the car she had traded in.  After a four-day trial, a jury found the dealership liable for $16,996.98 in compensatory damages and $50,000 in punitive damages.  The final judgment also awarded Hayward attorney's fees of $10,000 and costs of $3,722.38.  The dealership went out of business without paying the judgment, but Hayward was able to recover $23,781.41 through garnishment proceedings.

**¶4** Hayward then sued Arizona Central Credit Union, which had purchased her installment sales contract from the dealership. Her claim was based on the following provision in the sales contract:

> ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

Hayward alleged that under this provision of the sales contract, known as the Federal Trade Commission's "Holder Rule," 16 C.F.R. § 433.2, the Credit Union was liable to her for all amounts still owing on the judgment against the dealership, up to the amount she had paid on the sales contract.

**¶5** The superior court granted the Credit Union's motion to dismiss pursuant to Arizona Rule of Civil Procedure 12(b)(6). This appeal timely followed. We have jurisdiction pursuant to the Arizona Constitution, Article 6, Section 9, and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1) (2017) and -2101(A)(1) (2017).[1]

## DISCUSSION

**¶6** We review *de novo* a dismissal for failure to state a claim pursuant to Rule 12(b)(6). *Coleman v. City of Mesa*, 230 Ariz. 352, 355, ¶ 7 (2012). We "assume the truth of the well-pled factual allegations and indulge all reasonable inferences therefrom." *Cullen v. Auto-Owners Ins. Co.*, 218 Ariz. 417, 419, ¶ 7 (2008). "Dismissal is appropriate under Rule 12(b)(6) only if 'as a matter of law [] plaintiffs would not be entitled to relief under any interpretation of the facts susceptible of proof.'" *Coleman*, 230 Ariz. at 356, ¶ 8 (quoting *Fid. Sec. Life Ins. Co. v. State Dep't of Ins.*, 191 Ariz. 222, 224, ¶ 4 (1998)).

**¶7** Under the Holder Rule recited in Hayward's contract, a debtor may sue the purchaser of an installment sales contract on "all claims . . . the debtor could assert against the seller." The debtor's recovery against

---

[1] Absent material revision after the relevant date, we cite a statute's current version.

the holder of the debt, however, "shall not exceed amounts paid by the debtor" under the installment sales contract. 16 C.F.R. § 433.2.

¶8 The Credit Union argues that, as a matter of law, it cannot be liable under the Holder Rule for punitive damages, attorney's fees or costs awarded in Hayward's favor against the dealership.[2] The Credit Union reasons it can be liable only for the compensatory damages in Hayward's judgment, and contends Hayward already has recovered – through garnishment – all of her compensatory damages. Under the Credit Union's argument, because Hayward has garnished an amount exceeding the compensatory damages portion of the judgment, she may recover nothing more from the Credit Union.

¶9 We need not decide whether liability under the Holder Rule is limited to compensatory damages because we cannot accept the premise of the Credit Union's argument, namely, that the compensatory damages award Hayward obtained against the dealership was satisfied through garnishment. After Hayward garnished $23,781.41, that left $56,937.95 of her judgment unsatisfied. Although the judgment against the dealership set out separate awards representing the jury verdicts for compensatory and punitive damages, and costs and fees, neither the sales contract nor the judgment specifies the order in which any partial recovery should be applied against those awards. More generally, the Credit Union identifies no authority to support its contention that monies a judgment creditor recovers through garnishment must be allocated first to satisfy the compensatory damages portion of a judgment, or otherwise must be allocated in a manner so as to reduce the potential exposure of the holder of the installment sales contract under the Holder Rule.

¶10 Support for our conclusion is found in the fact that, as Hayward asserts, the sequence in which she chose to pursue her respective

---

[2] *See Crews v. Altavista Motors, Inc.*, 65 F. Supp. 2d 388, 391 (W.D. Va. 1999) ("The Holder Rule was not designed to act as a weapon to exact statutory and punitive damage against otherwise innocent creditors"); *Hardeman v. Wheels, Inc.*, 565 N.E.2d 849, 852 (Ohio App. 1988) (creditor should not be held accountable for "damages of a purely punitive nature"); *but see Lozada v. Dale Baker Oldsmobile, Inc.*, 91 F. Supp. 2d 1087, 1094-95 (W.D. Mich. 2000) (Holder Rule is unambiguous and "does not limit affirmative claims only to those circumstances where recission would be appropriate"); *Simpson v. Anthony Auto Sales, Inc.*, 32 F. Supp. 2d 405, 409 (W.D. La. 1998) (debtor entitled to assert any claims against note-holder that he or she may have against seller).

claims should not determine her recovery. Under the Credit Union's argument, if Hayward had sued the Credit Union before she sued the dealership (or before she pursued garnishment to execute on her judgment against the dealership), she could have collected from the Credit Union the full amount she paid on the contract. She then could have sought to recover from the dealership any additional amounts due her. Under the Credit Union's argument, however, Hayward has no remedy against it simply because she chose to pursue her claim against the dealership first. That result makes no sense.

¶11        Under both the contract and the federal regulation, it is undisputed that the holder of installment debt is subject to a claim for compensatory damages the debtor could bring against the seller. Under these circumstances, a holder may not avoid that obligation simply because a debtor who has obtained a judgment against the seller for both compensatory damages and punitive damages manages to partially satisfy that judgment. Absent any legal constraint on how Hayward's recovery should be allocated, we cannot say that as a matter of law, the partial recovery she received from the dealership satisfied her compensatory damage award.

## CONCLUSION

¶12        For the foregoing reasons, we hold the superior court erred in dismissing Hayward's complaint against the Credit Union. We reverse and remand for further proceedings consistent with this decision. Pursuant to A.R.S. §§ 12-341.01 (2017) and -341 (2017), we award Hayward her costs and reasonable attorney's fees, contingent on her compliance with Arizona Rule of Civil Appellate Procedure 21.



AMY M. WOOD • Clerk of the Court
FILED: AA