DAILEY, APPELLEE, *v.* NATIONWIDE DEMOLITION DERBY, INC., APPELLANT, ET AL.

(No. CA-84-7 — Decided June 28, 1984.)

*Kenneth M. Mortimer,* for appellee.

*Robert E. Frost, Warren M. Enders, Lane, Alton & Horst* and *Jeffrey W. Huston,* for appellant.

WISE, J. This appeal arises from an action for personal injuries brought by Rebecca S. Dailey, plaintiff-appellee, for injuries sustained while she was a spectator at a demolition derby conducted by Nationwide Demolition Derby, Inc., defendant-appellant. After trial, without a jury, the trial court rendered its Findings of Fact and Conclusions of Law (consisting of ten pages) awarding appellee money damages in the amount of $257,541.20. Appellee filed a motion requesting pre-judgment interest pursuant to R.C. 1343.03(C). After a hearing on the motion and filing of post-hearing briefs, the trial court journalized an entry confirming its earlier award to appellee and further found "from the evidence so presented at the hearing on said motion that the plaintiff is justly entitled to pre-judgment interest from the date her cause of action accrued to the date the judgment is paid." Appellant appeals from that judgment entry arguing the following seven assignments of error:

"I. The trial court erred in concluding, as a matter of law, that plaintiff-appellee was not negligent and that she did not assume a known and obvious risk, in that such conclusions are against the manifest weight of the evidence. Moreover, the trial court erred in failing to consider apportionment under Ohio Revised Code § 2315.19, the comparation [*sic*] negligence statute.

"II. The trial court erred in awarding plaintiff-appellee damages in an amount inconsistent with and unsupported by the manifest weight of the evidence.

"III. The trial court erred in awarding plaintiff-appellee damages in an amount grossly excessive in relation to the injuries sustained.

"IV. The trial court erred in awarding pre-judgment interest, for the reason that it is against the manifest

weight of the evidence to hold appellee acted in good faith and appellant in bad faith during settlement negotiations conducted relative to this matter.

"V. The trial court erred in granting pre-judgment interest for the reason that Ohio Revised Code § 1343.03(C) is to be applied prospectively only.

"VI. The trial court erred in granting pre-judgment interest for the reason that Ohio Revised Code § 1343.03(C) is unconstitutional in that it violates the due process guarantees of the Ohio and United States Constitutions and violates appellant's right to trial by jury as provided in Article I, Section 5 of the Ohio Constitution.

"VII. The trial court erred when during the hearing of plaintiff-appellee's motion for pre-judgment interest, it ordered counsel for defendant-appellant to testify as a witness, and produce for inspection its correspondence file, thereby invading the attorney-client privilege."

## I

The trial court found that appellant owed a duty to appellee and, further found:

"The court, therefore, finds from the greater weight of the evidence that defendant was negligent in that it failed to exercise ordinary care under the circumstances for the safety of the plaintiff who was legally upon the premises and who was observing the defendant's demolition derby from behind a chain link fence to the east of the grandstand. The court further concludes as a matter of law that the defendant has failed to meet its burden of proof in respect to its defenses of contributory negligence and assumption of the risk and the defendant having breached its duty of ordinary care which was owed to the plaintiff is liable for all damages to the plaintiff directly and proximately caused by the defendant's negligence."

We agree.

"The defense of assumption of risk is merged with the defense of contributory negligence under R.C. 2315.19." *Anderson* v. *Ceccardi* (1983), 6 Ohio St. 3d 110, paragraph one of the syllabus.

"Primary assumption of risk," which is argued by appellant and referred to in *Anderson, supra,* at 114, "concerns cases where there is a lack of duty owed by the defendant to the plaintiff. * * *" The term "primary assumption of risk" really translates into *no duty,* ergo *no negligence,* and has nothing to do with the doctrine of assumption of risk as a defense against the negligence of a defendant who has a duty to the plaintiff.

A careful reading of the record in the case at bar convinces us that the trial court did not err as a matter of law and that the trial court's conclusion that appellee was not contributorily negligent was not against the manifest weight of the evidence. We overrule appellant's first assignment of error.

## II & III

We have examined the transcript of proceedings and conclude that the determination of the trial court as to the amount of damages awarded to plaintiff is supported by ample, competent and relevant evidence. We overrule the second and third assignments of error.

## IV

This assignment of error revolves around the following phrase in R.C. 1343.03(C):

"* * * that the party required to pay the money failed to make a good faith effort to settle the case and that the party to whom the money is to be paid did not fail to make a good faith effort to settle the case."

Appellant argues, in its brief, that "however there is no statutory definition of a 'lack of good faith effort to settle'" and then proceeds to state "that the proper standard for determining

'lack of good faith' is set forth by the Ohio Supreme Court in the case of *Slater* v. *Motorists Mutual Ins. Co.* (1962), 174 Ohio St. 148 [21 O.O.3d 420]."

First, we point out that R.C. 1343. 03(C) does not contain the words "lack of good faith," which is something different than the actual words of the statute. The statute uses the phrase "failed to make a good faith effort." The noun in that phrase is "effort" and is modified by "good faith." What is required is an *effort* to settle the case and that *effort* must be a good faith effort. An "effort to settle" can be something less than a "good faith effort" and still not be a "bad faith effort." The mere failure to do anything towards settlement (allowing the interest monies on the reserves to accumulate to the benefit of the party required to pay and to the detriment of the party to whom the money is to be paid) would be a failure to make a "good faith effort to settle" but might well be short of "a bad faith effort" to settle.

We hold that "fail[ure] to make a good faith effort to settle" does not require a showing of "bad faith" but, rather, the term "good faith effort to settle" means an honest, purposeful effort, free of malice and the design to defraud or to seek an unconscionable advantage. The trial court, under the dictates of the statute, held the required hearing, heard the evidence and received post-hearing briefs, and by awarding the pre-judgment interest, found that the appellant "failed to make a good faith effort" to settle and that the appellee "did not fail to make a good faith effort."

We have read the complete record of the hearing and the briefs filed with the trial court, and we conclude that the trial court's judgment is not against the manifest weight of the evidence. The fourth assignment of error is overruled.

## V

We hold that R.C. 1343.03(C) as amended, effective July 5, 1982, is remedial and applies to all actions tried on or after that date. See *French* v. *Dwiggins* (1984), 9 Ohio St. 3d 32; *Wilfong* v. *Batdorf* (1983), 6 Ohio St. 3d 100, 104. In *French, supra,* the Supreme Court at pages 34 to 35 stated:

"'* * * The question becomes whether an expansion of the amount of recoverable damages as propounded by the General Assembly represents a substantive or remedial alteration in the statute.

"'* * *

"R.C. 2125.02 [wrongful death], as amended, simply provides the scope of recovery for those persons entitled to receive damages in a wrongful death action. * * *'"

R.C. 1343.03(C) is not a penalty statute and, therefore, *Osai* v. *A & D Furniture Co.* (1981), 68 Ohio St. 2d 99 [22 O.O.3d 328], does not apply. We overrule the fifth assignment of error.

## VI

The sixth assignment of error is overruled on the grounds that the constitutional question was not raised in the trial court below. *Clarington* v. *Althar* (1930), 122 Ohio St. 608.

## VII

Appellant argues that the trial court erred when it ordered counsel for appellant to testify as a witness and produce for inspection its correspondence file, thereby invading the attorney-client privilege.

We disagree and quote from appellant's brief in support of our position:

"*While these materials* [defense counsel's correspondence file] *were not actually disclosed* at the pre-judgment interest hearing * * *." (Emphasis added.)

Further, Civ. R. 26(B)(3) provides that "a party *may* obtain" such materials from the other party's attorney "upon a showing of good cause therefor." The trial court was right in finding "good cause therefor" in its quest for evidence as to appellant's good faith effort. We overrule the seventh assignment of error.

Having overruled all seven of appellant's assignments of error, the judgment of the Court of Common Pleas of Muskingum County is affirmed.

*Judgment affirmed.*

PUTMAN, P.J., and TURPIN, J., concur.