DAYTON POWER & LIGHT COMPANY, Appellant,

v.

CHAPMAN, Appellee.

[Cite as *Dayton Power & Light Co. v. Chapman* (1993), 89 Ohio App.3d 444.]

Court of Appeals of Ohio,
Montgomery County.

No. 13593.

Decided July 30, 1993.

*Kimberly R. Strong,* for appellant.

*Kelly Chapman, pro se.*

FREDERICK N. YOUNG, Judge.

The Dayton Power & Light Company ("appellant") appeals from an order of the trial court which denied appellant's motion for prejudgment interest after a default judgment had been entered for appellant against Kelly Chapman ("appellee"). The appellee made no appearance in the case and has not filed a brief on appeal.

On March 13, 1992, appellant filed a complaint in the Dayton Municipal Court against appellee claiming damages in the amount of $6,114.31 as a result of a collision between one of its vans and an automobile driven by appellee. The accident occurred on September 26, 1990, and in October 1990, appellant sent appellee an invoice for the cost of repairs, which was the amount claimed in the subsequent lawsuit. Appellee did not respond to the letter. On July 8, 1991, appellant sent appellee another letter which requested that she contact appellant to pay the repair costs or make some arrangement for payment. Again, appellee made no response. The letters were not returned by the post office so it can be assumed they were properly delivered.

Appellee failed to file an answer to appellant's complaint and did not otherwise appear in the action. On April 22, 1992, appellant moved for default judgment and appellee failed to respond in any way to the motion. Appellant's motion for default judgment was granted by the trial court on April 22, 1992. On May 8, 1992, appellant filed a motion for prejudgment interest pursuant to R.C. 1343.-03(C). A hearing on this motion was held on June 24, 1992, and on July 2, 1992, the trial court entered an order denying appellant's motion for prejudgment interest.

The appellant presents us with two assigned errors:

"I. The trial court erred as a matter of law in denying appellant's motion for prejudgment interest.

"II. The trial court abused its discretion in denying appellant's motion for prejudgment interest."

We will discuss these assignments together.

R.C. 1343.03(C) provides as follows:

"Interest on a judgment, decree, or order for the payment of money rendered in a civil action based on tortious conduct and not settled by agreement of the parties, shall be computed from the date the cause of action accrued to the date on which the money is paid, if, upon motion of any party to the action, the court determines at a hearing held subsequent to the verdict or decision in the action that the party required to pay the money failed to make a good faith effort to

settle the case and that the party to whom the money is to be paid did not fail to make a good faith effort to settle the case."

In its opinion, the trial court stated:

"This Court is of the opinion that there must be some type communication or negotiations between the parties or something to indicate a conscious lack of good faith by Defendant [appellee]. The operative facts in this case do not support the objective for the statute in the first instance; i.e., to encourage settement [*sic*]."

The court also cited *Ware v. Richey* (1983), 14 Ohio App.3d 3, 14 OBR 6, 469 N.E.2d 899, for the proposition that:

"A lack of good faith (the equivalent of bad faith) requires more than bad judgment or negligence. Rather, it imports a dishonest purpose, conscious wrongdoing or breach of a known duty based on some ulterior motive or ill will in the nature of fraud." *Id.* at 9, 14 OBR at 12, 469 N.E.2d at 905.

The trial court reasoned that appellee was certainly negligent for failing to respond to the lawsuit but since there is no communication between the parties it had nothing to base a finding of a lack of good faith effort since there was no effort at all on behalf of the appellee.

This case appears to be a case of first impression in Ohio. Neither the trial court nor the appellant has directed us to any cases where prejudgment interest was denied a plaintiff who had obtained a default judgment. If this is truly a case of first impression it can mean one of three things: (1) It has never happened before, (2) it has happened but the plaintiff has failed to appeal and the trial court opinion is unreported, or (3) prejudgment interest has typically been awarded to plaintiffs following default judgments in their favor and there have been no appeals because defendants never appeared.

■ We are certainly aware that the decision of whether or not to grant prejudgment interest is a matter within the sound discretion of the trial court. *Youssef v. Parr, Inc.* (1990), 69 Ohio App.3d 679, 591 N.E.2d 762; *Cox v. Oliver Mach. Co.* (1987), 41 Ohio App.3d 28, 534 N.E.2d 855; *Edgerson v. Cleveland Elec. Illum. Co.* (1985), 28 Ohio App.3d 24, 28 OBR 34, 501 N.E.2d 1211; *Roberts v. Mut. Mfg. & Supply Co.* (1984), 16 Ohio App.3d 324, 16 OBR 355, 475 N.E.2d 797. In this case, however, there was no factual issue to be determined by the trial court in order for it to find that there was or was not a good faith effort on the part of either party. No facts were in dispute and we therefore do not have to judge the discretion of the trial court since the trial court had no need to exercise its discretion at all. It thus becomes a pure question of law whether prejudgment interest can be awarded to the prevailing party after it obtains a judgment by default.

The leading case in Ohio on the matter of prejudgment interest is *Kalain v. Smith* (1986), 25 Ohio St.3d 157, 25 OBR 201, 495 N.E.2d 572. The Ohio Supreme Court in that case held that the purpose behind R.C. 1343.03 is to "promote settlement efforts, to prevent parties who have engaged in tortious conduct from frivolously delaying the ultimate resolution of cases, and to encourage good faith efforts to settle controversies outside a trial setting." *Id.* at 159, 25 OBR at 202, 495 N.E.2d at 574. The court in *Kalain* promulgated a four-part test to be used in determining if a party has made a good faith effort to settle, as follows:

"A party has not 'failed to make a good faith effort to settle' under R.C. 1343.03(C) if he has (1) fully cooperated in discovery proceedings, (2) rationally evaluated his risks and potential liability, (3) not attempted to unnecessarily delay any of the proceedings, and (4) made a good faith monetary settlement offer or responded in good faith to an offer from the other party. * * *" *Id.* at syllabus.

The appellee, in this case, by failing to make any effort whatsoever to settle has obviously failed at least three of the four requirements set forth in *Kalain*. It can be argued that she did not attempt to unnecessarily delay any of the proceedings because, in fact, she did not participate in any way whatsoever in the proceedings, but meeting that criterion alone is insufficient to save her from an award of prejudgment interest since it is only a necessary by-product of her failure to make any effort to settle.

In resolving this issue we are guided by the case of *Dailey v. Nationwide Demolition Derby, Inc.* (1984), 18 Ohio App.3d 39, 18 OBR 108, 480 N.E.2d 110, where the Muskingum County Court of Appeals held as follows:

"The statute [R.C. 1343.03(C)] uses the phrase 'failed to make a good faith effort.' The noun in that phrase is 'effort' and is modified by 'good faith.' What is required is an *effort* to settle the case and that *effort* must be a good faith effort. An 'effort to settle' can be something less than a 'good faith effort' and still not be a 'bad faith effort.' *The mere failure to do anything towards settlement* (allowing the interest monies on the reserves to accumulate to the benefit of the party required to pay and to the detriment of the party to whom the money is to be paid) *would be a failure to make a 'good faith effort to settle.'*" (Emphasis added.) *Id.* at 41, 18 OBR at 110, 480 N.E.2d at 112.

It is clear from the record that the appellant attempted to reach the appellee and effect some type of resolution of the matter with her, but that appellee totally ignored all of the appellant's efforts as well as the lawsuit. The appellee therefore failed to make any effort to settle, much less a good faith effort. A failure to award prejudgment interest in such a case would be tantamount to rewarding the appellee for engaging in exactly the type of conduct that the

statute is designed to discourage. In other words, parties who engage in no effort whatsoever to settle would always avoid an award of prejudgment interest against them, while parties who engage in any effort to settle, however slight, run the risk of having to pay prejudgment interest. That would be an absurd state of affairs and would tend to undermine the very purpose of the statute.

We therefore hold, as a matter of law, that an award of prejudgment interest to the plaintiff in civil actions based on tortious conduct is always appropriate where the plaintiff has obtained a default judgment against the defendant, the defendant has made no effort whatsoever to settle the case, and the plaintiff had made a good faith effort to settle the case. The trial court in this case made no finding on the third requirement although it did cite some attempts by the appellant to contact the appellee. We could, perhaps, find from the record that appellant's efforts satisfied the good faith requirement of it, but that is not our responsibility. The trial court must make that decision in the exercise of its discretion before prejudgment interest can be awarded to appellant.

The judgment is reversed and the cause is remanded for proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

WOLFF, J., concurs in judgment and with separate opinion.

GRADY, J., dissents.

WOLFF, Judge, concurring.

I agree with Judge Young that we should reverse the denial of prejudgment interest and remand for further proceedings on the matter of prejudgment interest. I do not agree with Judge Grady that R.C. 1343.03(C) is confined to those situations where the defendant, by answer, has joined the issues.

I also agree with Judge Young that a defendant might, on the basis of inaction alone, be found to have failed to make a good faith effort to settle. I write separately because I am less convinced than Judge Young that the record, as it presently stands, would support a determination that the plaintiff made a good faith effort to *settle* the case.

The record reflects that the collision giving rise to the controversy occurred September 26, 1990. On October 19, 1990, the plaintiff sent the defendant its invoice for repair and towing in the amount of $6,114.31, with instructions to defendant to make her check payable to plaintiff. On July 8, 1991, plaintiff wrote to defendant and observed that defendant had not responded to its previous

invoice. Plaintiff advised defendant that unless full payment or satisfactory payment arrangements were made by July 29, 1991, plaintiff would have defendant's driving privileges suspended through the Bureau of Motor Vehicles, and initiate legal proceedings against her. On March 13, 1992, plaintiff filed its complaint against defendant, and obtained a default judgment on April 22, 1992.

Nothing of record suggests that plaintiff offered to *settle* its case with defendant. Although the plaintiff was not required to bid against itself, it seems to me that if plaintiff wanted to avail itself of R.C. 1343.03(C), its overtures to defendant had to contain more than bald demands for payment in full and threats of legal action.

Although I am not persuaded that R.C. 1343.03(C) is confined to situations where the defendant has joined the issues by filing an answer, I do think that tort creditors attempting to collect money from unresponsive debtors are better served by prompt resort to the courts, and the interest that automatically runs on default judgments, than they are by protracted collection efforts preceding resort to the courts, and attempts to obtain prejudgment interest on default judgments taken long after the cause of action arose.

GRADY, Presiding Judge, dissenting.

I would affirm the judgment of the trial court because I believe that the "effort to settle the case" contemplated by R.C. 1343.03(C) does not apply to a default judgment granted pursuant to Civ.R. 55. Under that rule, a judgment may be entered by default against a party who has failed to plead or otherwise defend against a claim for affirmative relief in a civil action. The uncontroverted claim for relief permits the default judgment. By the same token, until the claim is controverted by the defendant through filing an answer or other responsive pleading, there is no "case" to "settle" in the context of the civil action, absent which no judgment and no interest on the judgment is available. Lacking that object, a party is not required to make efforts to achieve it, and his good faith or lack of it in that respect cannot be measured and is irrelevant.

According to the view adopted by Judge Young, the settlement efforts contemplated by R.C. 1343.03(C) are required whenever a civil action is filed and service is obtained on the defendant. The more restrictive view I have adopted is, I believe, more consistent with the purpose of R.C. 1343.03(C), which is to relieve the courts of the burden of litigating cases and to deny a recalcitrant litigant the benefits he has realized by unreasonably retaining his funds. See *Zinn v. Leach* (Nov. 29, 1990), Champaign App. Nos. 90–CA–03, and 90–CA–08, unreported, 1990 WL 187466. Neither evil occurs in the event of a Civ.R. 55 default judgment, which permits the litigation to be terminated a mere twenty-nine days after the complaint is served. The purpose of the statute is not to create an

additional interest benefit for a plaintiff who obtains a default judgment and is able to demonstrate that the other party was invited to pay the claim, as plaintiff did here.

I would affirm the judgment of the trial court.