OPINION
{¶ 1} This third appeal on this cause which was tried to a jury in the Richland County Common Pleas Court essentially involves pre- and post-judgment interest but also asserts prejudicial error.
 STATEMENT OF FACTS {¶ 2} Only a cursory recitation of the facts underlying this appeal are appropriate as such were reviewed in the prior appeals.
 {¶ 3} Essentially, this action resulted from accounting advice relating to the purchase of a business wherein Appellant as purchaser was not provided accurate financial records and relied on negligent accounting practices.
 {¶ 4} The result of the last jury verdict in favor of Appellant was reinstated.
 {¶ 5} Subsequent thereto, Appellant was paid the total verdict of $140,870.60, post-judgment interest of $17,290.03 covering the time from June 14, 2000 through September 5, 2001, and additional post-judgment interest from such September date until the verdict was paid, which was $3666.48.
 {¶ 6} Appellant moved for pre-judgment and post-judgment interest on August 3, 2000.
 {¶ 7} On January 16, 2002, Appellant filed a motion to tax costs against Appellee.
 {¶ 8} Such motions were denied and this additional appeal was timely filed.
 {¶ 9} The six Assignments of Error are:
 Assignments Of Error {¶ 10} "First Assignment Of Error: The Trial Court Committed Prejudicial Error In Denying Plaintiff's Motion For Prejudgment Interest Under Common Law.
 {¶ 11} "Second Assignment Of Error: The Trial Court Committed Prejudicial Error In Denying Plaintiff's Motion For Prejudgment Interest Under R.C. 1343.03(A):
 {¶ 12} "Third Assignment Of Error: The Trial Court Committed Prejudicial Error In Denying Plaintiff's Motion For Prejudgment Interest Under 1343.03(C):
 {¶ 13} "Fourth Assignment Of Error: The Trial Court Committed Prejudicial Error In Denying Plaintiff's Motion For Post-Judgment Interest On Prejudgment Interest.
 {¶ 14} "Fifth Assignment Of Error: The Trial Court Committed Prejudicial Error In Denying Plaintiff's Motion For Necessary Expenses To Be Taxed As Costs.
 {¶ 15} "Sixth Assignment Of Error: The Trial Court Committed Prejudicial Error In Conducting An Ex Parte Conference With Appellee's Counsel To Discuss The Merits Of The Case And To Request Counsel Prepare An Opinion And Judgment Entry In Violation Of The Code Of Judicial Conduct And The Local Rules."
I, II, and III
 {¶ 16} The concept of common law pre-judgment interest as asserted in the First Assignment is not disputed by either party to this appeal although the applicability thereof, of course, is not agreed. Notwithstanding such agreement as to the common law as to prejudgment interest, a closer scrutiny is warranted, especially when considering the effect, if any, on such concept of R.C. 1343.01, et seq. If such statutes are in derogation of the common law, they must, of course, be strictly construed.
 {¶ 17} Leading Ohio cases on such interest are cited in both briefs and such interest is succinctly quoted in Miller v. Gunckle
(2002), 96 Ohio St.3d 359:
 {¶ 18} "Ohio courts have long recognized the common-law right to prejudgment interest Moskovitz v. Mt. Sinai Med. Ctr. (1994),69 Ohio St.3d 638, 656-657, 635 N.E.2d 331, (citing cases dating to 1832). It is well established that the underpinning of prejudgment interest awards is to encourage prompt settlement of claims, prevent prolonged litigation, and to compensate and make the injured party whole.Royal Elec. Constr. Corp. v. Ohio State Univ. (1995), 73 Ohio St.3d 110,116-117, 652 N.E.2d 687."
 {¶ 19} Moskovitz is a tort case based on medical malpractice whileRoyal Electric involves a contractual claim. Prior prestatutory common law cases are William and John Hogg v. Zanesville Canal and ManufacturingCo. (1832), 5 Ohio 410, and The Lawrence Railroad Company v. Cobb
(1878), 35 Ohio St. 94.
 {¶ 20} The Hogg case was a tort action for property damage resulting from construction of a highway.
 {¶ 21} The pertinent holding states:
 {¶ 22} "If reparation for the injury is delayed for a long time by the wrong-doer, the injured party can not be made whole unless the damages awarded include compensation, in the nature of interest, for withholding the reparation which ought to have been promptly made."
 {¶ 23} The Lawrence Railroad case merely held that a jury may compute and add interest to its verdict. This case involved the illegal prevention of the use of a lock on a navigable river.
 {¶ 24} The basic concept of each is that interest is the necessary quantum required to make a party whole for loss sustained. The consideration of the length of time elapsed in the Hogg case was also recognized by this Court in Renicker v. Smith (April 21, 1999), Tuscarawas County App. Nos. 1998 APO 50087, 1998 APO 90107.
 {¶ 25} The Second Assignment of Error as to prejudgment interest is predicated on R.C. 1343.03(A) while the Third Assignment of Error is based on subsection (C):
 {¶ 26} "Interest when rate not stipulated.
 {¶ 27} "(A) In cases other than those provided for in sections1343.01 and 1343.02 of the Revised Code, when money becomes due and payable upon any bond, bill, note, or other instrument of writing, upon any book account, upon any settlement between parties, upon all verbal contracts entered into, and upon all judgments, decrees, and orders of any judicial tribunal for the payment of money arising out of tortious conduct or a contract or other transaction, the creditor is entitled to interest at the rate of ten per cent per annum, and no more, unless a written contract provides a different rate of interest in relation to the money that becomes due and payable, in which case the creditor is entitled to interest at the rate provided in that contract. "
 {¶ 28} "(C) Interest on a judgment, decree, or order for the payment of money rendered in a civil action based on tortious conduct and not settled by agreement of the parties, shall be computed from the date the cause of action accrued to the date on which the money is paid if, upon motion of any party to the action, the court determines at a hearing held subsequent to the verdict or decision in the action that the party required to pay the money failed to make a good faith effort to settle the case and that the party to whom the money is to be paid did not fail to make a good faith effort to settle the case."
 {¶ 29} It is somewhat obvious that, if prejudgment interest was always applicable under common law, then the adoption of 1343.01, et seq. by the legislature would not have been necessary, nor the consideration by the various courts over the decades, such as Kalain v.Smith (1986), 25 Ohio St.3d 157, Royal Electric Construction Corp. v.Ohio State University (1995), 73 Ohio St.3d 110, Landis v. Grange MutualIns. Co. (1998), 82 Ohio St.3d 339, Digital Analog Design Corp. v.North Supply Co. (1992), 63 Ohio St.3d 657, and Hartmann v. Duffy
(2002), 95 Ohio St.3d 456.
 {¶ 30} These cases clearly indicate that R.C. 1343.01 et seq. are not contrary to preceding common law but establish the basis for reaching the threshold of entitlement to interest. Further, emphasis on the concept of settlement encouragement as a rationale for the consideration of interest is added.
 {¶ 31} The basic common law that interest awarded is to make the aggrieved party whole is retained.
 {¶ 32} In considering the motions for pre- and post judgment interest, the court in the case sub judice stated:
 {¶ 33} "After a careful review of the record and evidence presented during oral argument, it is apparent that the defendants were not acting in bad faith in regard to settlement negotiations. A different jury, on a different day, could have found in favor of the defendant. The fact Judge DeWeese dismissed some of plaintiff's claims reflects the uncertain and tenuous nature of plaintiffs' allegations and proof. Given the totality of the circumstances, defendant's `cost of defense' offer was reasonably based on fair evaluation of the evidence."
 {¶ 34} We must respectfully disagree with the conclusions of Judge Henson in several respects.
 {¶ 35} The test he used to determine if the defendants (Appellees) were acting in bad faith was incorrect.
 {¶ 36} As stated in Kalain v. Smith, supra:
 {¶ 37} "Appellant argues that the statutory language `failed to make a good faith effort' necessarily requires a finding of bad faith. We disagree. The statute requires all parties to make an honest effort to settle a case. A party may have `failed to make a good faith effort to settle' even when he has not acted in bad faith. Mills v. Dayton (1985),21 Ohio App.3d 208, and Dailey v. Nationwide Demolition Derby, Inc. (1984), 18 Ohio App.3d 39, approved; Ware v. Richey (1983),14 Ohio App.3d 3, disapproved."
 {¶ 38} "Bad faith has been defined as '* * * a dishonest purpose, moral obliquity, conscious wrongdoing, breach of a known duty through some ulterior motive or ill will partaking of the nature of fraud. It also embraces actual intent to mislead or deceive another.' Hoskins v.Aetna Life Ins. Co. (1983), 6 Ohio St.3d 272, 276, quoting Slater v.Motorists Mut. Ins. Co. (1962), 174 Ohio St. 148, paragraph two of the syllabus."
 {¶ 39} "A party has not `failed to make a good faith effort to settle' under R.C. 1343.03(C) if he has (1) fully cooperated in discovery proceedings, (2) rationally evaluated his risks and potential liability, (3) not attempted to unnecessarily delay any of the proceedings, and (4) made a good faith monetary settlement offer or responded in good faith to an offer from the other party. If a party has a good faith, objectively reasonable belief that he has no liability, he need not make a monetary settlement offer."
 {¶ 40} While we agree that the awarding of interest is within the sound discretion of the court, it is not unlimited.
 {¶ 41} As stated in Moskovitz v. Mt. Sinai Medical Center
(1994), 69 Ohio St.3d 638, in referring to the four requirements as to settlement considerations under R.C. 1343.03(c) stated:
 {¶ 42} "The statute uses the word `shall.' Therefore, if a party meets the four requirements of the statute, the decision to allow or not allow prejudgment interest is not discretionary. What is discretionary with the trial court is the determination of lack of good faith. Since the crux of the statute is `good faith effort' and the ultimate decision whether to award prejudgment interest is reposed in the trial judge and, further, since the standard of review on appeal is abuse of discretion,Ziegler v. Wendel Poultry Serv., Inc. (1993), 67 Ohio St.3d 10, 20,615 N.E.2d 1022, 1032, the obvious question becomes what is a `good faith effort' or, conversely, when has a party `failed to make a good faith effort to settle'?"
 {¶ 43} Also, we must differ in other of the Court's conclusions. First, that another jury may have decided the case differently, and, secondly, that the dismissal of some causes of action necessarily raises the possibility that merit may be lacking in all. Here, we are bound by the jury's factual decisions as to those claims remaining. Speculation as to what another jury may have done is also an inappropriate consideration as this jury's findings are binding and conclusive as to a determination of the correct facts which occurred. This is the basis of our entire judicial system. Also, the offer of settlement based on trial costs only may be lacking in merit. All cases as to interest could be resolved on this basis regardless of whether such offers rationally evaluated the risks. The fact that the jury determined the facts to the contrary raises a question as to the reasonable rationale for such a limited settlement offer.
 {¶ 44} Since the decision seems to rest on the incorrect test of "bad faith", and the rationale expressed in our preceding paragraph, we must necessarily reverse and remand on this issue for a determination as to whether each party acted in accordance with the four mandates of R.C.1343.03(c) and, if a lack of good faith is present, or lack of a reasonable consideration of the risks in making a settlement offer, prejudgment interest is mandatory and the length of time must be considered.
 {¶ 45} We, therefore, sustain the First and Third Assignments of Error.
 {¶ 46} As to the Second Assignment, while reliance on R.C.1343.03(a) appears misplaced, it is unnecessary to render such an opinion as our decision makes such Assignment moot.
 IV. {¶ 47} The Fourth Assignment rests on the ultimate decision to be reached on prejudgment interest after this remand and is, therefore, premature.
 V. {¶ 48} The Fifth Assignment as to payment of costs relies on Civil Rule 54(D), R.C. 2303.21, App. Rule 24, and 24(B), R.C. 2335.06, R.C.2335.06, the judgment of this court of September 5, 2001, and Benda v.Fana (1967), 10 Ohio St.3d 259.
 {¶ 49} Civil Rule 54(D) states:
 {¶ 50} "(D) Costs. Except when express provision therefor is made either in a statute or in these rules, costs shall be allowed to the prevailing party unless the court otherwise directs."
 {¶ 51} R.C. 2303.21 provides:
 {¶ 52} "Expenses of transcript or exemplification shall be taxed in costs.
 {¶ 53} "When it is necessary in an appeal, or other civil action to procure a transcript of a judgment or proceeding, or exemplification of a record, as evidence in such action or for any other purpose, the expense of procuring such transcript or exemplification shall be taxed in the bill of costs and recovered as in other cases."
 {¶ 54} App. Rule 24, including 24(B) is as follows:
 {¶ 55} "Costs.
 {¶ 56} "(A) Except as otherwise provided by law or as the court may order, the party liable for costs is as follows:
 {¶ 57} "(1) If an appeal is dismissed, the appellant or as agreed by the parties.
 {¶ 58} "(2) If the judgment appealed is affirmed, the appellant.
 {¶ 59} "(3) If the judgment appealed is reversed, the appellee.
 {¶ 60} "(4) If the judgment appealed is affirmed or reversed in part or is vacated, as ordered by the court.
 {¶ 61} "(B) As used in this rule, "costs" means an expense incurred in preparation of the record including the transcript of proceedings, fees allowed by law, and the fee for filing the appeal. It does not mean the expense of printing or copying a brief or an appendix."
 {¶ 62} R.C. 2335.06 states in part:
 {¶ 63} "Witness fees in civil cases.
 {¶ 64} "Each witness in civil cases shall receive the following fees:
 {¶ 65} "(A) Twelve dollars for each full day's attendance and six dollars for each half day's attendance at a court of record, mayor's court, or before a person authorized to take depositions, to be taxed in the bill of costs. Each witness shall also receive ten cents for each mile necessarily traveled to and from his place of residence to the place of giving his testimony, to be taxed in the bill of costs.
 {¶ 66} "(C) As used in this section, "full day's attendance" means a day on which a witness is required or requested to be present at proceedings before and after twelve noon regardless of whether he actually testifies; "half day's attendance" means a day on which a witness is required or requested to be present at proceedings either before or after twelve noon, but not both, regardless of whether he actually testifies."
 {¶ 67} Civil Rule 54(D) specifically states "costs shall be allowed to the prevailing party unless the Court otherwise directs."
 {¶ 68} R.C. 2303.21 would normally be inapplicable as it provides that the transcript preparation shall be taxed as costs. Except for this Court's order of September 5, 2001, the taxing of the transcript as a portion of the costs would still fall within the language of 54(D) quoted above. However, because of this Court's ruling of September 5, 2001, the costs of appeal including the necessary transcript expense, which transcript was required by this Court, were chargeable to Appellee. Therefore, as to the costs of appeal, including the transcript costs, we must sustain Appellant's Fifth Assignment and remand for a determination of such appeal costs, which shall be assessed against Appellee.
 {¶ 69} Appellate Rule 24(B) specifically describes "costs" and is, therefore, only applicable to costs of the appeal including the transcript.
 {¶ 70} R.C. 2335.06 again refers to witness fees and mileage for such to be taxed as costs, which is again controlled by Civil Rule 54(D) payment as to which are subject to the court's determination.
 {¶ 71} Benda v. Fana (1967), 10 Ohio St.2d 259, is inapplicable.
 {¶ 72} We, therefore, as stated, as to the Fifth Assignment, reverse and remand as to appellate costs but affirm as to non-appellate costs.
 VI. {¶ 73} The Sixth Assignment of Error asserts an ex parte communication with the Court.
 {¶ 74} We fail to find that the record substantiates such assignment.
 {¶ 75} If the Court directed Appellee's counsel to prepare an entry for the Court's consideration as stated in Appellee's Brief and that the proposed entry was submitted also to Appellant's counsel, no violation of Canon 3(B)(7)(a) occurred.
 {¶ 76} However, the record is devoid of sufficient material for consideration.
 {¶ 77} This Sixth Assignment of Error is denied.
 {¶ 78} This cause is reversed in part, affirmed in part and remanded for further proceedings in accordance herewith.
 Affirmed in part, reversed in part and remanded.
By: Boggins, J., Wise, P.J. and Edwards, J. concur.