OPINION
{¶ 1} This appeal is taken from decisions of the Massillon Municipal Court which granted attorney fees and prejudgment interest relative to an action based on negligence in which Appellee's vehicle was severely damaged.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Appellee was the owner of a 1997 Honda Civic DX automobile which she purchased on February 15, 2001, for $10,715.86.
 {¶ 3} On November 26, 2001, Appellant, through his stipulated negligence caused an accident which totaled Appellee's vehicle.
 {¶ 4} Appellant's insurance carrier, Erie Insurance, offered Appellee $8,446.00 for such vehicle but such was not acceptable to her.
 {¶ 5} To further complicate this scenario, Appellee, through her father, did not release the vehicle, pending resolution of the disagreement in value and significant storage charges accumulated. Eventually, Appellee transferred title to the vehicle in exchange for the accrued storage charges.
 {¶ 6} After suit was filed, the trial court ordered mediation, but such was unsuccessful.
 {¶ 7} At trial, the court took judicial notice of the value of the Honda. This is not a subject of this appeal, however.
 {¶ 8} No evidence from Appellant as to the value of the Honda was introduced pursuant to the court's ruling due to non-compliance with discovery by Appellant except Appellant's witness testified as to valuations contained in a CCC report, which was accepted into evidence.
 {¶ 9} The trial court granted judgment to Appellee in the amount of $10,050.86, pre-judgment interest of $2,390.29 and attorney fees of $8,127.60 based upon bad faith in negotiations.
 {¶ 10} Appellant raises two Assignments of Error, both of which are predicated on an abuse of discretion:
 ASSIGNMENT OF ERROR {¶ 11} "I. The trial court erred in granting appellee's motion for attorney's fees in the amount of $8,127.60.
 {¶ 12} "II. The trial court erred in granting appellee's motion for pre-judgment interest in the amount of $2,930.90."
 I. {¶ 13} The standard of review is abuse of discretion. In order to find an abuse of discretion, we must determine that the trial court=s decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. We must look at the totality of the circumstances in the case sub judice and determine whether the trial court acted unreasonably, arbitrarily or unconscionably.
 {¶ 14} The First Assignment questions the award of $8,127.60 in attorney fees.
 {¶ 15} The Court, in making this award stated:
 {¶ 16} "Defendant's agents' conduct and negotiations were in bad faith, arrogant, oppressive and improper. The Plaintiff has met her burden showing that Defendant's conduct was frivolous and in bad faith with its refusal to negotiate in an attempt to settle this matter, (Defendant's request for Plaintiff's salvageable vehicle title at Mediation, two years after the accident, as a condition of settlement was unconscionable), Defendant's refusal to consider the evidence of Plaintiff's purchase price of her vehicle nine months earlier, and Defendant's failure to partake in discovery and Defendant's burdensome filing of interrogatories on a simple property damage case."
 {¶ 17} Contrary to the court's determination, there is no evidence of frivolous conduct, unless a carrier is required to agree with the opinions of value of an owner. Here, the NADA and CCC report was a reasonable standard to Erie Insurance in making its offer, but Appellee did not have to accept or agree with such value. The normal rule as to evidence of value arising out of an accident are the values immediately before and after the collision. Allstate Ins. Co. v. Reep, (1982),7 Ohio App.3d 90.
 {¶ 18} Since the owner may, without an expert, express an opinion of value, this would also be acceptable. In this case, while the court was within its discretion in considering the purchase price as evidence, the depreciation taken by Appellee was without basis as expert methodology although, again, the net result was the owner's opinion. Also, according to Appellee's Exhibit 11, Appellee was offered the same amount as Erie offered from her own carrier, Progressive Insurance Company.
 {¶ 19} Appellant had a right under the civil rules to file interrogatories and we note that Appellee filed 23 interrogatories, three requested admissions and several pages of requested document production. Such does not constitute frivolous conduct on the part of either party.
 {¶ 20} The inability of Appellee to be capable of transferring title further complicated settlement and was due to allowing unnecessary storage charges to accumulate on the part of Appellee.
 {¶ 21} R.C. 4505.11(C)(1) provides in part:
 {¶ 22} "When an insurance company declares it economically impractical to repair such a motor vehicle and has paid an agreed price for the purchase price of the motor vehicle to any insured or claimant owner, the insurance company shall receive the certificate of title and the motor vehicle."
 {¶ 23} While it is well-established that an award of attorney fees is within the sound discretion of the trial court, and will not be overruled absent an attitude that is unreasonable, arbitrary or unconscionable,Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. See Rand v. Rand
(1985), 18 Ohio St.3d 356, 359, it is also clear that attorney fees are not recoverable by the prevailing party absent a statute providing for such an award. See Sorin v. Bd. of Edn. (1976), 46 Ohio St.2d 177, 75 O.O.2d. 224, 347 N.E.2d 527. See, also, Shimmon v. Internatl. Union ofOperating Engineers (C.A. 6, 1984), 744 F.2d 1226.
 {¶ 24} As a general rule, the costs and expenses of litigation, other than the usual court costs, are not recoverable in actions for damages, and ordinarily no attorney fees are allowed. Gustafson v. Cotco Enter.
(1974), 42 Ohio App.2d 45, 47, 52, 71 O.O.2d 264, 269,328 N.E.2d 409, 414. This rule is often called the "American Rule" and is followed in Ohio. See Sorin, supra, 46 Ohio St.2d at 179, 75 O.O.2d. at 225, 347 N.E.2d 529.
 {¶ 25} An exception arises when frivolous conduct is found pursuant to statute or in an action against one's own insurer which has acted in bad faith in the investigation and negotiation with such insured. Zoppo v.Homestead Insurance Company (1994), 71 Ohio St.3d 552.
 {¶ 26} No action lies against the insurance company representing the tortfeasor in an auto accident and negotiations by such insurer cannot be the basis of bad faith. Murrell v. Waynesburg Local School District
(193), 92 Ohio App.3d 92, McLynas v. Karr (July 8, 2004), Ohio App. 10 Dist., Case No. 03AP-1075, Hertzel SEE, et al. v. Nationwide MutualInsurance Co. (May 2, 2001), Ohio App. 9 Dist, Case No. 00CA007680,Pasepanki v. Morton (1990), 61 Ohio App.3d 184.
 {¶ 27} While these cases involved direct action against the tortfeasor's insurance company and the case sub judice does not, the actions upon which the claim for attorney fees is based arises solely from the conduct in negotiation of Erie Insurance, Mr. Laskovski's carrier, and not on his conduct and is a "backdoor" attempt to proceed against such tortfeasor's insurance company.
 {¶ 28} In addition, a party seeking an award of attorney fees has the burden of demonstrating the reasonable value of such services. Davis v.Reed (June 20, 1996), Cuyahoga App. No. 68699.
 {¶ 29} In this case, the record of representation and legal charges therefore was attached to the motion for attorney fees. It was not offered as an exhibit with an opportunity to cross-examine. There was no testimony that it represented time spent nor was there any evidence as to the reasonableness of the charges.
 {¶ 30} The award of attorney fees in this case was not warranted and constitutes an abuse of discretion. The First Assignment is sustained and the judgment of attorney fees is vacated.
 II. {¶ 31} The Second Assignment asserts error in the granting of pre-judgment interest.
 {¶ 32} R.C. 1343.03(C)(1) and (a) provides:
 {¶ 33} "(C)(1) If, upon motion of any party to a civil action that is based on tortious conduct, that has not been settled by agreement of the parties, and in which the court has rendered a judgment, decree, or order for the payment of money, the court determines at a hearing held subsequent to the verdict or decision in the action that the party required to pay the money failed to make a good faith effort to settle the case and that the party to whom the money is to be paid did not fail to make a good faith effort to settle the case, interest on the judgment, decree, or order shall be computed as follows:
 {¶ 34} "(a) In an action in which the party required to pay the money has admitted liability in a pleading, from the date the cause of action accrued to the date on which the order, judgment, or decree was rendered;"
 {¶ 35} We have stated the requirements as to the granting of pre-judgment interest in Miller v. Miller Miller Accountants, Inc.,
(Nov. 4, 2003), 5th Dist. App. No. 2002-CA-0068, 2003-Ohio-5913:
 {¶ 36} "A party has not `failed to make a good faith effort to settle' under R.C. 1343.03(C) if he has (1) fully cooperated in discovery proceedings, (2) rationally evaluated his risks and potential liability, (3) not attempted to unnecessarily delay any of the proceedings, and (4) made a good faith monetary settlement offer or responded in good faith to an offer from the other party. If a party has a good faith, objectively reasonable belief that he has no liability, he need not make a monetary settlement offer."
 {¶ 37} In the case sub judice on the motion for such interest, the court found:
 {¶ 38} "The Court in its decision awarding judgment for Plaintiff found that the Defendant did not use or consider the purchase price or the fair market value of the Plaintiff's vehicle at the time of purchase on February 15, 2001, approximately nine months before the accident that totaled out the Plaintiff's vehicle.
 {¶ 39} "On April 30, 2004, the Court heard the arguments of counsel covering their respective motions relating to prejudgment interest. Court finds that Defendant did not make a good faith offer to Plaintiff for the fair market value of her vehicle; and, Defendant's offers were not credible and in good faith when it failed to consider Plaintiff's purchase price for her vehicle nine months earlier. There was no definitive evidence presented that Plaintiff overpaid for her vehicle on February 15, 2001, or that she made a `bad deal'.
 {¶ 40} "Based on Defendant's improper, frivolous and bad faith actions in negotiating a settlement offer with Plaintiff throughout a 20 to 24 month period, including prior to trial, the Court adopts and incorporates herein the Plaintiff's Memorandum in Support of her Motion for Prejudgment Interest."
 {¶ 41} An examination of the correctness of the pre-judgment interest award is difficult as no evidence was taken in this regard and no objections to the lack thereof appear. The only matters before the court are representations in the respective briefs provided on such issue and the letters and data in the accepted exhibits.
 {¶ 42} Appellant indicates Appellee's demand of $10,050.86 was accepted at the arbitration while Appellee denies this but acknowledges it occurred later through a phone call. Appellant at such time had incurred additional attorney fees and as a result demanded a higher offer.
 {¶ 43} The court, in its decision on pre-judgment interest, premised it on "improper, frivolous and bad faith in negotiation" and accepted Appellee's Memorandum in Support of her motion.
 {¶ 44} Under our decision in Miller v. Miller Miller, supra, the only aspect involved in this case was the failure to comply with discovery, which the court addressed in sustaining Appellee's Motion in Limine.
 {¶ 45} However, the court did not use this failure as a predicate for its pre-judgment interest decision but rather on failure to properly negotiate. It's reliance on Appellees' Memorandum raises concern as Appellee based the increased demand on additional attorney fees, to which Appellee was not entitled, as explained in our review of the First Assignment of Error.
 {¶ 46} We must therefore conclude that the award of pre-judgment interest was not warranted on the basis on which the court granted Appellee's motion.
 {¶ 47} The Second Assignment of error is sustained and the pre-judgment interest award is vacated.
 {¶ 48} This cause is reversed at Appellee's costs.
Boggins, P.J., Gwin, J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the Stark County Court of Common Pleas is reversed. Costs assessed to appellee.